Carruth v. Harris.

FRANK CARRUTH v. EVA L. HARRIS ET AL.

41 789
46 708

FILED SEPTEMBER 19, 1894.    No. 5698.

1. **False Representations in Sale of Stock:** VALUE: INQUIRY: INSTRUCTIONS. The action of the district judge, in refusing to give an instruction requested by plaintiff in error, examined, and *held* not erroneous.

2. **Instructions.** Where an instruction is requested in which it is attempted to include all the issues under the pleadings and evidence in the case, but it omits one of such material elements, it is not error to refuse to give the instruction.

3. **False Representations:** SALE: DAMAGES. False statements in regard to the affairs of a corporation, by one of its officers who possesses full knowledge of its condition, made for the purpose of inducing parties to purchase of him shares of stock of the corporation owned by him, who purchased the stock relying on such statements, having no knowledge of the truth or falsity of the statements and no full means of ascertaining the facts constituting such knowledge, are sufficient to raise a cause of action, in favor of the purchaser, for damages.

4. **Damages for False Representations.** The evidence *held* sufficient to sustain the verdict.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.

The facts are stated in the opinion.

*Byron Clark,* for plaintiff in error:

The alleged representations were not intended for or made to Mrs. Harris. She cannot, therefore, recover. (Bigelow, Fraud, 545; *Long v. West,* 31 Kan., 298.)

All of the representations testified to by Mrs. Harris were promissory in their nature, and in law are not sufficient to base an action upon for fraud and deceit. The statements involved mere questions of opinion, both as to present value and future increase. (*Perkins v. Lougee,* 6

Neb., 220; *Markell v. Moudy*, 11 Neb., 214; *Abbott v. Abbott*, 18 Neb., 505; *Columbia Electric Co. v. Dixon*, 49 N. W. Rep. [Minn.], 244.)

The purchaser by ordinary care and prudence could have been protected by making inquiry, and it was his duty to do so. (*Mamlock v. Fairbanks*, 1 N. W. Rep. [Wis.], 167; *Ætna Ins. Co. v. Reed*, 33 O. St., 283; *Hanscom v. Drullard*, 21 Pac. Rep. [Cal.], 736; *Deming v. Darling*, 20 N. E. Rep. [Mass.], 107; *Poland v. Brownell*, 41 Am. Rep. [Mass.], 215; *Graffenstein v. Epstein*, 33 Am. Rep. [Kan.], 173.)

Carruth's knowledge of the falsity of the representations claimed to have been made by him was not proved. Knowledge was a necessary element. (*Holmes v. Clark*, 10 Ia., 423; *Avery v. Chapman*, 62 Ia., 145; *Allison v. Jack*, 76 Ia., 205.)

*Matthew Gering* and *Beeson & Root, contra :*

The second instruction asked by plaintiff in error was properly refused. (*City of Plattsmouth v. Boeck*, 32 Neb., 297; *Runge v. Brown*, 23 Neb., 826.)

Carruth's statements and those of his agent concerning the financial condition of the corporations amounted to a fraud. (*Redding v. Wright*, 51 N. W. Rep. [Minn.], 1056; *Adamson v. Jarvis*, 12 Moore [Eng.], 241.)

Carruth cannot be heard to say that defendants in error should not have relied on what he told them. (*Runge v. Brown*, 23 Neb., 817.)

After judgment it is immaterial that Carruth's *scienter* was not proved. (*Adamson v. Jarvis*, 12 Moore [Eng.], 241.)

Under the facts found by the jury the plaintiff in error would be charged with knowledge and fraud. (*Lobdell v. Baker*, 35 Am. Dec. [Mass.], 358 ; *Munroe v. Pritchett*, 50 Am. Dec. [Ala.], 203; *Mitchell v. Zimmerman*, 51 Am. Dec. [Tex.], 717; *Frenzel v. Miller*, 10 Am. Rep. [Ind.], 62.)

HARRISON, J.

This is an action instituted by the defendants in error in the district court of Cass county to recover damages for alleged false and fraudulent representations stated to have been made by plaintiff in error to induce defendants in error to purchase certain shares of stock in a street railway company and an electric lamp company. The petition filed in the district court states, in substance, that Frank Carruth, on August 27, 1889, was the owner of five shares of the stock of the Plattsmouth Street Railway Company, and also five shares of the stock of the Opperman Electric Lamp Manufacturing Company, and was a director of each of the companies and president of the street railway company, and knew the financial condition of each company and the value of the stock. Eva L. Harris and Frank Harris were husband and wife and owned and lived upon a tract of land in Cass county, the title to which was of record in the name of the wife. On the date before mentioned they executed and delivered to Carruth a promissory note in the sum of $1,000, conditioned for payment September 1, 1892, with interest at ten per cent per annum from date until paid, and to secure the payment of the note executed and delivered to Carruth a mortgage covering said tract of land; that at the time of the execution and delivery of the note and mortgage they had no knowledge of the financial condition of the companies, or the actual or market value of the shares of stock, and in making the purchase of the stock relied wholly upon the statements and representations of Carruth, who stated and represented to them, in order to induce them to purchase the shares of stock then owned by him, that the companies were solvent and in good condition and the shares of stock worth their par or face value, when it was known to him that the companies were then insolvent and the stock valueless; that he further stated or promised that he would do all in his

power to obtain employment for Harris on the street railway, and to place Harris or Mrs. Harris in the position which he then occupied as an officer of the companies, which promises were not kept or performed, and which statements, in reference to the condition of the companies and the value of the shares of stock, were untrue and known by Carruth at the time he made them to be false, and were without the knowledge of Mr. or Mrs. Harris and could not be and were not known to them; that the note and mortgage had been sold and transferred before maturity by Carruth to one C. B. Hungerford. The petition contained a further allegation that the shares of stock were never transferred or delivered to Mrs. Harris, and ended with a prayer for damages in the sum of $1,200. The answer of Carruth to the petition admitted the existence of the companies or corporations, the ownership by Carruth of the shares of stock as stated in the petition, his connection with the companies as director of both and president of one, and the sale of the shares of stock to Harris and the execution and delivery of the note and mortgage to him as a consideration for such sale and the transfer of the note and mortgage to Hungerford, and denied, either generally or specifically, each and every other allegation of the petition, and contained some affirmative allegations which it will not be necessary to further notice, as they will not enter actively into the consideration of the case as elements or facts affecting the point raised for decision. The reply was, in effect, a denial of any new matter contained in the answer. There was a trial of the issues before the court and a jury, and a verdict against Carruth for $500. A motion for a new trial filed by Carruth was overruled and judgment rendered on the verdict, and the case was removed to this court by petition in error on behalf of Carruth.

One alleged error which is insisted upon in the brief filed by counsel for plaintiff in error is that the following instruction, numbered 2, was requested to be given in behalf

of Carruth and refused, viz.: "If the jury believe from the evidence that the plaintiff Eva L. Harris, by herself or agent, had any opportunity to ascertain or know the financial condition of the Plattsmouth Street Railway Company or the Opperman Electric Lamp Manufacturing Company, and by the exercise of reasonable and ordinary care and diligence could have informed themselves of the true value of the stock of each of said companies, and that such failure was without fault on the part of the defendant, your verdict should be for the defendant." It is contended that the proposition contained in this instruction, by which the jury were to be informed that it was the duty of Mr. and Mrs. Harris to exercise ordinary care and diligence to become acquainted with the truth in regard to the condition of the companies and the value of the shares of stock, regardless of any statement of Carruth, and if they failed so to do it would bar any recovery on their part in this action, was correct and one upon which the jury should have been instructed. There were instructions given to the jury by the court on its own motion which contained some reference to the point to which it was sought to call their attention by the instruction requested, but not calling their attention to this portion of the issues as directly and specifically as did the one prepared by counsel and now under consideration, or as they should have done if an instruction on this point was proper or necessary; but whatever view we might take or conclusion we might reach as to the correctness of the instruction asked in its statement of the law, or the propriety or necessity for its being given, it attempted to state under what findings as to facts developed in the evidence adduced during the trial the jury would be warranted in returning a verdict for Carruth, and in so doing entirely ignored one material branch of the issues in the case, viz., it did not require them to make any investigation of, or reach any conclusion upon, the question of whether Carruth had ever transferred

or delivered the shares of stock to Mr. and Mrs. Harris. Before the jury could find for Carruth, they must have been convinced that such transfer and delivery had been effected. The instruction was defective, in that it omitted one of the essential elements of the case, and there was no error in the refusal to give it. (*City of Plattsmouth v. Boeck*, 32 Neb., 297.)

The only other question raised and argued in the brief is that there was not sufficient evidence to sustain the verdict. The argument made under this assignment is mainly directed to the proposition that there were no such representations made by Carruth, even conceding that he made them and they were untrue, and he knew them to be, so as would render him liable for damages, if any, suffered by plaintiffs; that anything he may have said was a mere expression of opinion, or referred to matters regarding the present value of the stock or the future prospects of the companies and the value of the stock in the future; but an examination of the evidence convinces us that he made statements during the course of the transaction of the sale of the stock to the plaintiffs and to induce them to make the trade, and which were relied upon by them, in which he represented that the financial condition of the companies was then good; that they were solvent and were being well managed; that these things were untrue, and that he knew they were, as the evidence discloses that he knew the condition of the companies at the time of the sale of the stock to the plaintiffs, and as an officer of the companies possessed superior means and facilities for obtaining such information to those within the power or reach of the plaintiffs. While some portions of the testimony in regard to the above matters is somewhat indefinite and in some particulars not entirely satisfactory, yet we believe it to be sufficient to support the verdict of the jury, hence we will not disturb it. It follows that the judgment is

AFFIRMED.