## CONREY et al. *v.* BRENHAM et al.

Acceptance of service of process by an attorney of record on behalf of his client, will, in the
absence of proof to the contrary, be presumed to have been authorized.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.
*Mott*, *Prentiss* and *Finney*, for the plaintiffs, moved to dismiss the appeal,
on the ground that the citation of appeal could have been served on the attorney

CONREY
v.
BRENHAM.

of the appellees, only in case of their absence from the State. Code Prac. arts. 582, 584. 4 Mart. N. S. 238. 5 Ibid. N. S. 427. 8 Ibid. N. S. 282. 14 La. 292. 15 La. 143.

G. B. Duncan and Roselius, for the appellant.

The judgment of the court was pronounced by

SLIDELL, J. In this cause the citation of appeal was returned as follows: "Served on appellees by handing copy to ——— Mott, Esq., their attorney, they being absent from the parish." A motion has been made by the counsel for the appellees to dismiss the appeal. Upon suggestions made by the counsel for the appellant, we, ex officio, called upon the sheriff for a statement under oath of the facts touching this service, which affidavit has been filed. By this it appears that, there were ten judgments in the Commercial Court in favor of various plaintiffs against the same defendants. All the plaintiffs were represented by Mr. Mott, in the proceedings in the court below. The affidavit of the deputy sheriff contains a list of these ten cases, and states that, "on the 23d June last past, he was charged with the service of petition and citation of appeal in the ten cases herein before recited, suits instituted in the late Commercial Court of New Orleans; that on said day he repaired to the office of Messrs. Mott & Kane. He there met with Robert Mott, Esq., who was writing at his desk, and asked said gentleman if he would accept service of the same. He took the bundle, placed it on his desk, and said, it is all right." Upon the filing of this affidavit, which we consider, under the circumstances, as having the force of an amended return, the court called the attention of said attorney to its contents, and directed that if he had any reply to make it should be in writing. The attorney has accordingly filed a written reply, in which he states that the ten citations were handed to him in a bundle. That what he said has passed from his memory, but that it was never his intention to accept service for those of the appellees who resided in New Orleans, and that he probably thought the citations contained in the package were for those of his clients who resided out of the State. He adds that if this statement should be considered an acceptance of service, he then refers the court to the case of L'Eglise v. His Creditors, 4 Mart. N. S. 238, where it was decided that an attorney at law of an appellee had no power to accept service, when the appellee was present in the State.

The dignity of the profession, and the necessity, for the convenient administration of justice, that great confidence should be reposed by the courts in attornies at law, warrant the presumption, in the absence of contrary proof, that an acceptance of service by an attorney of record is authorized by his client. What was said to the sheriff's officer, whose affidavit of what occurred is uncontradicted, was tantamount to an acceptance of service; and as the appellees have not furnished, by their own affidavit or otherwise, proof that the act of the attorney was unauthorized, we must dismiss the motion.

The motion to dismiss the appeal is refused.