City of Plattsmouth v. Boeck.

———

CITY OF PLATTSMOUTH v. HENRY BOECK.

[FILED JUNE 30, 1891.]

1. **Review:** AFFIDAVITS used as evidence in the district court will not be considered by this court, unless they are made a part of the record, by being embodied in a bill of exceptions.

2. **Public Improvements:** DAMAGES. When private property is damaged by the location and construction of a public improvement near it, and the property is not specially benefited by the improvement, the measure of the property owner's damages is the difference between the value of the property immediately before the location and construction of the improvement, and its value immediately afterwards.

3. ——: ——.  A city is liable to a lot owner for the diminution
in value of his property, caused by the location and construction
of a sewer, built by the city near his lot, on which a brick build-
ing had been erected before the sewer grade was established,
although the work was performed in a careful and skillful
manner.

4. Instructions.  Where an instruction is given by which it is
sought to cover the entire issues made by the pleadings and evi-
dence, all the essential elements involved in the case should be
introduced in the instructions.

ERROR to the district court for Cass county.   Tried be-
low before CHAPMAN, J.

*C. S. Polk*, for plaintiff in error, cited: *Schaller v. Omaha*,
23 Neb., 325; *Cincinnati v. Penny*, 21 O. St., 499; *Pon-
tiac v. Carter*, 32 Mich., 164; *Crawford v. Delaware*, 7 O.
St., 459.

*Beeson & Root, contra*, cited cases referred to in opinion,
and *Reardon v. San Francisco*, 7 Am. & Eng. Corp. Cases,
454.

NORVAL, J.

Henry Boeck, the plaintiff below, is the owner of two
brick buildings situated on block 35 in the city of Platts-
mouth.   One is a two-story and basement, and the other a
one-story and basement.   The buildings are separated by
an alley running through the block, and abut upon the
alley.   In 1880 the defendant city excavated the alley to
a depth of sixteen feet below the natural surface of the
ground, and within a foot of the line of plaintiff's lots and
buildings, and constructed a sewer of masonry.   By reason
of the excavation for and construction of the sewer so
near to and below the bottom of the foundation of plaint-
iff's walls, the buildings settled, cracking the walls and
damaging the buildings.   The action was brought against
the city to recover the damages thus sustained.   A trial

was had to a jury, who returned a verdict for the plaintiff, in the sum of $1,500. The defendant's motion for a new trial was overruled, and judgment was entered upon the verdict.

The first error assigned in brief of counsel for the plaintiff in error relates to the alleged misconduct of H. B. Burgess, one of the jurors who tried the cause. There appears in the transcript the affidavit of deputy sheriff David Miller, to the effect that the juror Burgess viewed and inspected the walls of the injured buildings in controversy, after the argument of the cause by the attorneys, but before the jury had retired to consider their verdict. There are also other affidavits within the transcript, bearing upon the same question, but the point raised by counsel cannot be considered by this court for the reason that the affidavits were not embodied in the bill of exceptions. It does not appear that they were ever read in the court below, or that the attention of the trial court was called to them. To be available as evidence in this court, the affidavits should have been made a part of the record by being embodied in the bill of exceptions. (*Ray v. Mason,* 6 Neb., 101; *Credit Foncier of America v. Rogers,* 8 Id., 36; *Aultman v. Howe,* 10 Id., 10; *Oliver v. Sheeley,* 11 Id., 521; *Walker v. Lutz,* 14 Id., 274; *Sides v. Brendlinger,* Id., 491; *Kyle v. Chase,* Id., 528; *Tessier v. Crowley,* 16 Id., 369; *Olds Wagon Co. v. Benedict,* 25 Id., 372; *Vallandingham v. Scott,* 30 Id., 187.)

The court was asked by the plaintiff in error to give the following instructions:

"4. You are instructed that if you find the plaintiff is entitled to recover, the measure of damages would be the cost of repairing the injuries, which you find from the evidence have been sustained, and the actual damages suffered by inconvenience and determent to plaintiff's business, if any such has been shown."

The request was refused and the court instructed the

jury, in effect, that the rule of damages in the case is the difference between the market value of the property immediately before the construction of the sewer, and its value immediately after the sewer was built, provided such difference was caused by the construction of the improvement. The proof tends to show that the plaintiff's buildings were erected long before the city established a sewer grade in the alley, upon which the plaintiff's lots abut; that the buildings were well and properly constructed upon suitable foundations; that by reason of the location and construction of the sewer, the walls of the building settled and cracked and permanently injured and damaged the property, and that they cannot be placed in as good condition as before the injury occurred. We think, under the facts, the correct rule of damages was stated to the jury in the charge of the court and that the request of the plaintiff in error was properly refused. The diminution in value of the plaintiff's property caused by the improvement is the measure of his damages. (See *City of Omaha v. Kramer*, 25 Neb., 489.)

Error is assigned because the court refused to instruct the jury as requested: "You are instructed that, under the issues of this case, for the defendant to be liable, you must first find that there was negligence in supporting the sides of the excavation for the sewer, or in some other material portion of the work that caused or contributed directly to the injury complained of, and unless you find that such negligence did in fact exist, your verdict should be for the defendant."

It was not error to refuse this request. The plaintiff's right of recovery did not in any manner depend upon whether the city authorities were negligent in the construction of the sewer. Sec. 21, article 1, of the constitution provides that "The property of no person shall be taken or damaged for public use without just compensation therefor." It is manifest that this language gives to an indi-

vidual, whose property has been damaged by construction of public improvement, a right of action, although the work has been carefully and skillfully performed. This was expressly held in *Harmon v. Omaha*, 17 Neb., 548, and the rule therein announced is adhered to.

Exception was taken to the following instruction given by the court on its own motion:

"4. You are instructed that if you believe from the evidence that plaintiff erected the buildings described in the petition before the defendant city established a sewer grade or system of sewerage, and that the foundation walls of plaintiff's buildings were skillfully built and suitable for the purposes for which they were intended, and that the sewer complained of was constructed substantially as alleged by plaintiff's petition, and that in consequence thereof said buildings were damaged, your verdict should be in favor of the plaintiff."

There was before the jury evidence tending to show that the footings of one of the walls extended into the alley sixteen inches from the lot line, and that the footings of another wall extended into the alley eight inches. The alley was also excavated to within a foot of plaintiff's lots. It was contended by the defendant that the buildings were damaged by reason of the footings extending into the alley. This element of the case was entirely omitted from the instruction complained of, nor was it covered by any other of the instructions given. It was for the jury to say, under the evidence, with proper instructions, whether the fact that the foundation walls extending into the alley, contributed to the injury. When, as in the case at bar, an instruction is given by which it is sought to cover the entire issue made by the pleadings and evidence, all the essential elements involved in the case should be embraced in the instruction. (*City of York v. Spellman*, 19 Neb., 385; *Nelson v. Johansen*, 18 Id., 183; *Runge v. Brown*, 23 Id., 826.)

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.