[Decided at PENDLETON July 31, 1897.]

## FARRELL *v.* OREGON GOLD COMPANY.

(49 Pac. 876.)

| 31 | 463 |
| o36 | 59 |
| 31 | 463 |
| o42 | 527 |
| 31 | 463 |
| f46 | 139 |
| 47 | 59 |

1. JURISDICTION OF STATE COURTS OVER FOREIGN CORPORATIONS.— Section 516, Hill's Ann. Laws, which provides that no foreign corporation "is subject to the jurisdiction of a court of this state unless it shall appear or have an agency therein for the transaction of some portion of its business," means that, unless it voluntarily appears, such a corporation must be transacting in this state some part of its corporate business when the action is commenced to sustain the jurisdiction of local courts: *Aldrich* v. *Anchor Coal Company,* 24 Or. 32, approved.

2. FOREIGN CORPORATIONS— MANNER OF OBTAINING JURISDICTION.— In the absence of special provisions relating to service of process on foreign corporations, jurisdiction is obtained over them in like manner as over domestic corporations, and a return of service good as against the latter, will, under like circumstances be good against the former: *Aldrich* v. *Anchor Coal Company,* 24 Or. 32, approved.

3. SERVICE ON FOREIGN CORPORATIONS— RETURN ON PROCESS.— It is not necessary to the validity of a default judgment rendered against a foreign corporation that the return of the service of summons shall show that the defendant was at the time engaged in business in this state; though that is a jurisdictional fact, it need not appear in the sheriff's return, but may more appropriately appear elsewhere in the record.

4. SERVICE ON PRESIDENT OF FOREIGN CORPORATION.— A foreign corporation doing business in Oregon is subject to its laws, and hence, as

there is no special law relative to service upon it, a service upon its president is prima facie sufficient, under section 55, Hill's Ann. Laws,. though the return does not show he was authorized to represent the corporation.

5. Papers not Part of the Judgment Roll — Bill of Exceptions.— Papers filed in a law action other than those designated by Hill's Ann. Laws, § 272, subd. 2, as constituting the judgment roll, as for example, affidavits filed in support of a motion, cannot be considered by the appellate court unless they are properly incorporated in the bill of exceptions: *Scott* v. *Cook,* 1 Or. 25; *Oregonian Railway Company* v. *Wright,* 10 Or. 162; *State* v. *Drake,* 11 Or. 396; *Osborn* v. *Graves,* 11 Or. 526; *State* v. *Chee Gong,* 17 Or. 635, and *Van Bibber* v. *Fields,* 25 Or. 530, applied.

6. Papers Improperly in Transcript.— Papers that are not part of the judgment roll as defined by statute are not part of the transcript and will not be considered on appeal.

7. Necessity of Bill of Exceptions.— Whenever it is desired to review a finding of fact by a trial court based on evidence a bill of exceptions embodying the evidence is necessary to present the question to the appellate court, whether the exception to the ruling is taken orally or the ruling is deemed by law to have been excepted to: *Ankeny* v. *Fairview Milling Company,* 10 Or. 390, distinguished.

8. Service of Summons on Foreign Corporations.— Under Hill's Ann. Laws, § 55, subdivision 1, the service of a summons on the president of a private corporation, either foreign or domestic, within the county where the cause of action arose will confer jurisdiction on local courts, regardless of whether that officer either resides or has an office within such county, for the president is "an agent" of his corporation within the meaning of the last part of said subdivision.

From Union:   Robert Eakin, Judge.

On July 22, 1895, J. R. Farrel commenced an action in the Circuit Court of Union County against the Oregon Gold-Mining Company, a Kentucky corporation, to recover the sum of $6,511.50. In his complaint he alleges, among other things, that the "defendant is now, and has heretofore been, engaged in the business of owning, operating, and conducting mines, and a general quartz mining and milling business, in Union County, Oregon." It appears from the complaint that one of the causes of action is for ser-

vices rendered by plaintiff in Union County, as super-intendent and agent of the defendant corporation, in and about the operation, working, and caring for its milling and mining properties in that county. A summons was regularly issued and served upon the defendant corporation by the delivery of a copy thereof, together with a certified copy of the complaint, to H. Walters, its president, in Union County. The defendant failed to appear and answer as required, and on October 7, 1895, judgment by default was rendered against it for the amount prayed for in the complaint. On the thirteenth of March following the defendant appeared specially, and moved the court to set aside and vacate the judgment, on the ground that the court had no jurisdiction of the corporation, which motion being overruled, the defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *J. D. Slater*, and *Cox, Cotton, Teal & Minor*, with an oral argument by *Messrs. Slater* and *Lewis B. Cox.*

For respondent there was a brief and an oral argument by *Messrs. Thomas H. Crawford* and *Frederick V. Holman.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

The motion to open the default and vacate the judgment in this case is based upon the ground that the judgment is void for the reason (1) that the sher-

31 Or.—30.

iff's return is insufficient to warrant its entry, and (2) that the corporation was in fact not doing business in the state at the time the action was commenced, and that Walters, its president, upon whom service was made, was here on other business, and not as its representative.

1. In support of the first point it is contended that it is essential, in order to support the jurisdiction of the courts of this state to render a personal judgment by default against a foreign corporation, that it shall appear from the return of the service that the corporation was engaged in business in the state at the time the service was made, and that the agent upon whom it was made was authorized to represent the corporation here. But we cannot concur in this view of the law. It is quite true the statute provides that no foreign corporation shall be subject to the jurisdiction of the courts of the state in personam unless it appear in the action or have an agency established here for the transaction of some portion of its business: Hill's Ann. Laws, § 516. But this is only declaratory of the general rule that, in the absence of a voluntary appearance, the courts of one state have no jurisdiction over a corporation created in another, unless it is transacting some portion of its corporate business within the state where sued. And as a corporation can act only through its agents, it necessarily follows that if it is doing business in the state it must have an agency established here, within the meaning of the statute. In no other way can it do business, and hence the statute simply means that, in the absence of a voluntary appearance, no foreign corpora-

tion shall be subject to the jurisdiction of the courts
of this state unless it is engaged in the transaction of
some portion of its corporate business at the time the
action is commenced; and this is the rule prevailing
elsewhere: *Aldrich* v. *Anchor Coal Company*, 24 Or. 32
(41 Am. St. Rep. 831, 32 Pac. 756); 6 Thompson on
Corporations, § 7995; 2 Morawetz on Corporations,
§ 980; *St. Clair* v. *Cox*, 106 U. S. 350 (1 Sup. Ct. 354);
*Goldey* v. *Morning News*, 156 U. S. 518 (15 Sup. Ct.
559); *United States* v. *American Bell Telephone Com-
pany*, 29 Fed. 17; *Carpenter* v. *Air-Brake Company*, 32
Fed. 434.

So long as a corporation confines its operations to
the state within which it was created, it cannot be
subjected to the jurisdiction of a court of another
state, where it has no office or transacts no business,
by the service of process on some officer or agent
while temporarily present in the latter state, because
he cannot take the corporation with him beyond the
jurisdiction of the state of its creation. But when it
voluntarily goes into another state, and by the express
permission or acquiesence of such state engages in the
transaction of its corporate business, it is liable to be
brought into the courts thereof by service of process
upon such officer or agent as the local laws may desig-
nate, and the judgment founded thereon will be held
good everywhere unless the mode of acquiring juris-
diction violates the principles of natural justice. In
short, when a corporation migrates into another state,
and engages in business there, it becomes, in effect,
for jurisdictional purposes, a domestic corporation,
and liable to suit upon a cause of action arising in the

state of its adoption by service of process in the manner provided for service on domestic corporations, unless the statute otherwise provides: 6 Thompson on Corporations, § 8019; *Insurance Company* v. *Carrugi*, 41 Ga. 660. A corporation of one state cannot do business in another without the consent of the latter, express or implied, and hence a state may impose, as a condition upon which a foreign corporation shall do business within its borders, that it accept as sufficient the service of process upon such officers or agents as may be prescribed. This condition may be implied as well as expressed. When, therefore, a state provides by general law that process may be served upon a private corporation by serving the same upon certain officers or agents thereof, and a foreign corporation subsequently comes into the state to do business, it will be deemed to have consented to subject itself to the jurisdiction of the local courts by the service of process upon the officers or agents designated in the local statute. Now, by the laws and policy of this state, foreign corporations are as free to engage in business therein as corporations of its own creation; but no special provision having been made for the service of process upon them (except certain corporations not necessary to be named), it may be made in like manner as upon domestic corporations, and a return thereof, good in an action against the latter, will, under similar circumstances, be good against the former.

3. As already suggested, the contention for the defendant is that the return is insufficient, because it does not show that the corporation was doing busi-

ness in the state at the time the service was made, or
that Walters was an agent authorized to represent it
here. The first objection is, we think, sufficiently
answered by the opinion of Mr. Justice FIELD in the
case of *St. Clair* v. *Cox*, 106 U. S. 350 (1 Sup. Ct. 354),
in which it was said, in effect, that, in order to sup-
port the jurisdiction of the courts of a state to render
a personal judgment against a foreign corporation, it
must appear somewhere in the record, either in the
application for the writ, or accompanying the service,
or in the pleadings or findings of the court, that the
corporation was engaged in business in the state; but,
when the transaction of business by the corporations
so appeared, "a certificate of service by the proper
officer on a person who is its agent there would, in
our opinion, be sufficient prima facie evidence that
the agent represented the company in the business.
It would then be open, when the record is offered as
evidence in another state, to show that the agent stood
in no representative character to the community, that
his duties were limited to those of a subordinate
employee or to a particular transaction, or that his
agency had ceased when the matter in suit arose."
It does appear from the complaint in this case that
the defendant corporation was engaged in business in
the state at the time the action was commenced, and
this was sufficient to support the jurisdiction of the
court, within the rule laid down by Mr. Justice FIELD
in the case referred to. And in the nature of things
this must be so. The sheriff, as a ministerial officer,
is neither required nor authorized to determine the
question of jurisdiction and certify to his conclusion

in his return. He is charged with the duty of serving the process, and is required to certify to the fact of such service, and upon whom it was made, and then it remains for the court to determine, from the entire record, whether, under the service as made by him, it has jurisdiction of the person of the defendant. So that we think the objection to the validity of the judgment in question cannot be sustained on the ground that the sheriff did not certify that the defendant was doing business in the state at the time the service was made.

4. Nor do we think the return fatally defective because it does not show that at the time of service Walters was an agent authorized to represent the defendant in this state. It does show that he was the president of the defendant, and that the summons was served upon him in Union County; and, as it elsewhere appears in the record that the corporation was doing business in that county, this is a sufficient compliance with the provisions of section 55, Hill's Ann. Laws, prescribing the mode of service of process upon private corporations, and is prima facie sufficient to give the court jurisdiction. The statute referred to provides that, in an action against a private corporation, service shall be made upon the president or other head of the corporation, secretary, cashier, or managing agent, or, in case none of such officers shall reside or have an office in the county where the cause of action arose, then upon any clerk or agent of the corporation who may reside or be found in the county. The object of service of process is to bring notice home to the defendant, and hence

the statute contemplates that, in an action against a
private corporation, service may be made upon the
president or other head of the corporation, if it can
be done within the county where the action is pend-
ing, and, if not, upon some subordinate agent.   Such
would be the rule in an action against a domestic cor-
poration, and, as we have seen, the same rule applies
to an action against a foreign corporation, when en-
gaged in the transaction of business in this state.   If
a foreign corporation is not doing business here, ser-
vice upon its president or other officer will, of course,
not give the courts of the state jurisdiction of the cor-
poration, because it does not accompany such officers
into the state; but where the corporation itself has
come into the state, and engaged in the transaction of
its ordinary corporate business, service upon its presi-
dent in the county where the cause of action arose is
at least prima facie sufficient.

5.   The other objection to the judgment is that the
court was without jurisdiction because the defendant
corporation was not doing business in this state at the
time the action was commenced, nor was Walters,
upon whom service was had, its agent or representa-
tive here.   If the facts are as stated in this objection,
the judgment is unquestionably void; for, as we have
seen, the courts of this state cannot acquire jurisdic-
tion over foreign corporations unless they are engaged
in business here.   But the plaintiff objects to the con-
sideration of this question because the issue presented
was one of fact, to be determined by the trial court
from evidence dehors the record, and that such evi-
dence is not a part of the record on this appeal, and

cannot, therefore, be considered by the court. Accompanying the transcript are a large number of affidavits which appear to have been filed in the court below, and which, it is claimed, contain the evidence upon which the issue in question was tried and determined; but they are not brought up by bill of exceptions, or in any way identified or made a part of the record by the trial court, and the contention for the plaintiff is that, for this reason, they cannot be considered on this appeal. The statute provides that, upon an appeal from a judgment, "the same shall be reviewed only as to questions of law appearing upon the transcript," etc. (Hill's Ann. Laws, § 543), and that the transcript is " a copy certified by the clerk of the roll or final record, or the pleadings, orders, papers, and journal entries that constitute such roll or record," etc.: (Hill's Ann. Laws, § 541). From these two sections of the statute it is clear that no questions can be considered on an appeal from a judgment except such as appear from the judgment roll; and, unless the affidavits referred to are a part of such roll, there is nothing before this court for consideration upon this point. Now, the statute defines a judgment roll, and, so far. as applicable to the case in hand, it consists of the summons and proof of service, the pleadings, bill of exceptions, orders relating to the change of parties, together with a copy of the entry of judgment, and all other journal entries and orders in any way involving the merits and necessarily affecting the judgment: Hill's Ann. Laws, § 272, subd. 2. It is clear, therefore, that affidavits or other matters dehors the judgment roll as thus defined are no part of the record, and can

not be considered on appeal from the judgment, un-
less made so by a bill of exceptions; and so this court
has uniformly held.

6. "No papers should be included in the tran-
script in any case," says THAYER, C. J., "except such as
constitute the judgment roll or final record, or which
have been made of record by being incorporated into a
bill of exceptions. They cannot be considered for any
purpose, and serve only to embarrass the court and
counsel. We held in *Osborn* v. *Graves*, 11 Or. 526 (6 Pac.
227), in effect, that no paper not a part of the tran-
script, although certified as such, could be considered
on the appeal. Because an exception need not be
taken or allowed to any decision upon a matter of law,
when the same is entered in the journal, or made
wholly upon the matters in writing and on file in the
court, does not preclude the necessity of making a
statement of the exception. In such case an exception
to the decision is deemed to have been taken. The
law regards it as having been objected to, which con-
stitutes an exception. But that is a mere challenge
to the correctness of the decision. Whether it is er-
roneous or not depends upon facts. It is often neces-
sary to show the circumstances under which it was
made in order to prove it to be erroneous": *Mitchell*
v. *Powers*, 16 Or. 491 (19 Pac. 647). And to the same
effect are *Scott* v. *Cook*, 1 Or. 25; *Oregonian Railway
Company* v. *Wright*, 10 Or. 162; *State* v. *Drake*, 11 Or.
396 (4 Pac. 1204); *State* v. *Chee Gong*, 17 Or. 635 (21
Pac. 882); *Van Bibber* v. *Fields*, 25 Or. 530 (36 Pac.
526). Indeed, a careful examination of authorities

has failed to disclose any case in which the court, on appeal from a judgment, has, under a statute similar to ours, ever reviewed the determination of the trial court, based on a mere question of evidence, unless the evidence upon which it acted has in some way been made a part of the record by such court, and the decisions are numerous where they have refused to do so. See 2 Enc. Pl. & Prac. 270, and note, for a collation of authorities; *Barber* v. *Briscoe*, 8 Mont. 214 (19 Pac. 589); *Fish* v. *Benson*, 71 Cal. 428 (12 Pac. 454); *Nash* v. *Harris*, 57 Cal. 242; *Aultman* v. *Howe*, 10 Neb. 8 (4 N. W. 357); *City of Plattsmouth* v. *Boeck*, 32 Neb. 297 (49 N. W. 167); *Fitzgerald* v. *Benadom*, 35 Neb. 317 (53 N. W. 72); *Development Company* v. *Nye*, 5 Wash. 301 (31 Pac. 752).

7. It is contended by the defendant that, the proceedings in this case having taken place after the rendition of judgment, and the decision having been made wholly upon matters in writing. and on file in the court, the statute in reference to the judgment roll does not apply, and that no exception or bill of exceptions is necessary to entitle the affidavits to be considered on appeal. But this argument assumes, in the first place, that the decision was in fact made wholly upon matters in writing and on file in the court, without anything in the record upon which to base the assumption, and, second, that a bill of exceptions is only necessary when the rulings of the court are not deemed excepted to under the law. Neither of these positions is, in our opinion, sound. There is no law which we now call to mind requiring a motion to vacate a judgment based upon a question of fact

dehors the record to be determined by the trial court on affidavits alone, and it appears from the authorities cited that, when the ruling of the court is based upon a finding of fact from evidence, it makes no difference whether the exception is taken in person, or the ruling is deemed excepted to under the statute. The facts upon which it is made are no part of the record unless reduced to writing, and settled and signed as a bill of exceptions. The case of *Ankeny* v. *Fairview Milling Company*, 10 Or. 390, is to be distinguished from the case in hand, in that it was a special statutory proceeding for an order to abate a nuisance, and wholly independent of the original action. It follows that we cannot review the finding of the circuit court on the question of fact presented by the motion to vacate because the evidence upon which it was based is not properly here. The judgment of the court below must be affirmed, and it is so ordered.

AFFIRMED.

### ON MOTION FOR REHEARING.
(50 Pac. 186.)

MR. JUSTICE BEAN delivered the opinion.

8. It is claimed that the return of service of the summons in the case at bar is fatally defective, because it does not show that Walters, president of the defendant, upon whom it was made, either resided or had an office in Union County at the time. Subdivision 1, § 55, Hill's Ann. Laws, provides that service of a summons in an action against a private corporation shall be made by delivering a copy thereof, etc.,

"to the president or other head of the corporation, secretary, cashier, or managing agent, or in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found in the county, or if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent." The contention of the defendant is that under this section the service of summons upon the president of a corporation in the county where the cause of action arose and is pending is good only when none of the officers first enumerated in the statute reside or have an office in the county, and that service must be made upon some subordinate agent or clerk either residing or found therein. But as we understand the statute, its object is to provide for service upon such officers or agents of the corporation as will be most likely to bring notice home to the corporation; and therefore it contemplates that in all cases the service of summons in an action against a corporation must be made upon the principal officers enumerated in the statute, if they reside or have an office in the county where the action is pending, but, if not, it may, if the action is brought in the county where the cause of action arose, be made upon any clerk or agent of the corporation who may reside or be found in such county, without regard to his rank. The statute expressly provides that, if none of the principal officers reside or have an office in the county where the cause of action arose service may be made upon any clerk or

agent who may reside or be found in the county; and it would, we think, be a very technical construction to hold that the president of a corporation is not an agent, within the meaning of this section. That this is the proper construction of the statute seems manifest from its history and the object sought to be accomplished by it. Prior to 1876 service of summons in an action against a private corporation could only be made upon the president or other head of the corporation, secretary, cashier, or managing agent; but in that year the statute was amended by adding to the law as it then stood the language contained in subdivision 1 of § 55, after the words "managing agent," for the purpose, as stated by THAYER, J., in *Holgate* v. *Oregon Pacific Railroad Company*, 16 Or. 125 ( 17 Pac. 859 ), of making it convenient and proper to bring an action against a corporation in the county where the cause of action arose, without regard to the location of its principal office; and to this end the statute authorizes service of summons in such an action to be made upon any clerk or agent of the corporation residing or found in the county, in case none of the principal officers have an office or reside therein. This being so, the return in the case at bar is not, in our opinion, open to the objection made. The petition for rehearing discusses at much length other points in the case, but they are covered by the principal opinion. The petition is therefore denied.

REHEARING DENIED.