Argued February 9, decided March 2, rehearing denied June 1, 1909.

## MULTNOMAH LUMBER CO. *v.* WESTON BASKET CO.

[99 Pac. 1046; 102 Pac. 1.]

APPEAL AND ERROR—RECORD—SCOPE AND CONTENTS—AFFIDAVITS.

1. Affidavits in support of a motion to set aside service of process, though included in the transcript, are no part of the record unless included in a bill of exceptions.

ATTORNEY AND CLIENT—RETAINER AND AUTHORITY.

2. An attorney being authorized by Section 1058, B. & C. Comp., to bind his client in any of the proceedings in a suit by his agreement filed in court, a general retainer authorizes an attorney to admit service of process whereby jurisdiction of the person of his client is conferred.

APPEARANCE—"SPECIAL APPEARANCE."

3. A "special appearance" is made by a party when he or his attorney seeks to obtain from the court an order vacating some proceeding which, it is insisted, has been undertaken by the adverse party in an unauthorized manner; such appearance being thus limited to prevent conferring jurisdiction of the person.

APPEARANCE—"GENERAL APPEARANCE."

4. A "general appearance" is the voluntary act of a party or his attorney, and is effectual to confer jurisdiction of the person without an order of court.

APPEARANCE—PROCEEDINGS CONSTITUTING APPEARANCE—STIPULATION.

5. A stipulation extending the time to answer in a suit against a foreign corporation signed by attorneys authorized to represent the parties and filed in court as required by Section 1058, B. & C. Comp., constitutes a "general appearance" within Sections 63, 528, 542, 1049, 1050, so as to subject the corporation to the jurisdiction of the court.

CORPORATIONS—FOREIGN CORPORATIONS——ACTION AGAINST—JURISDICTIONAL AVERMENT IN COMPLAINT.

6. The statement that a defendant foreign corporation is engaged in business in the State, necessary to secure jurisdiction of its person, may

appear anywhere in the record, and hence an averment of that fact in the complaint is not indispensable.

Corporations—Foreign Corporations—Action Against—Jurisdiction to Support Judgment.

7. In absence of a voluntary appearance, no foreign corporation is subject to the jurisdiction of the State courts, unless it is engaged in the State in transacting some part of its corporate business when sued, which fact should appear somewhere in the record, to support a judgment rendered against it for failure to appear or answer after service of process on a resident agent.

Corporations — Action Against Foreign Corporation — Jurisdiction—How Acquired—Appearance by Attorney.

8. Jurisdiction to render a judgment against a foreign corporation for failure to appear and answer may rest on its voluntary appearance by its duly appointed attorneys, which is equivalent to personal service of the summons as expressly provided by Section 63, B. & C. Comp.

From Multnomah: JOHN B. CLELAND, Judge.

This is an action by the Multnomah Lumber & Box Co. against the Weston Basket & Barrel Co. From a judgment in favor of plaintiff, defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of Mr J. B. Ryan, and Mr. George W. Hardacre, with an oral argument by Mr. Ryan.

For respondent there was a brief over the names of Messrs. Platt & Platt, with an oral argument by Mr. H. G. Platt.

Opinion by Mr. Chief Justice Moore.

1. This is an appeal by the defendant, a corporation, from a judgment rendered against it, and the question involved is whether the court obtained jurisdiction of the defendant. The return of the sheriff states that the defendant corporation was personally served by him in Multnomah County December 10, 1906, by delivering a certified copy of the summons and of the complaint herein to its manager, B. F. Mackall, in person. There was filed in the lower court March 26, 1907, a writing subscribed by the attorneys of the respective parties, whereby the defendant was allowed until January 20, 1907, within which to plead or answer. The defendant

having engaged another attorney, the latter appeared specially April 15, 1907, and moved to set aside such service of process, on the ground that it was insufficient to secure jurisdiction of his client. There appears in the transcript certain unidentified affidavits which were evidently filed in support of the motion, and state, in effect: That the defendant was incorporated and exists under the laws of California, in which State it has its domicile and principal office; that it did not have an agency established in Oregon for the transaction of any of its business, or have any property therein; and that on December 10, 1906, its manager was in this State only while passing through it. The motion was denied. The defendant declined further to plead or answer, and judgment was rendered as hereinbefore stated. The journal entry of the judgment states that in response to the service of process the defendant, by its attorneys (naming them), made a general appearance and asked for additional time in which to plead, and it was granted.

The plaintiff's counsel object to a consideration of the sworn statements referred to, on the ground that no bill of exceptions has been sent up, and, such being the case, the affidavits, though included in the transcript, do not constitute any part of the record. These voluntary declarations under oath form the proof which tends to show that the defendant is a foreign corporation, and, like all other evidence, should have been included in a bill of exceptions and transmitted to this court, if they were to be considered. *Farrell* v. *Oregon Gold Co.*, 31 Or. 463 (49 Pac. 876); *Nosler* v. *Coos Bay Nav. Co.*, 40 Or. 305 (63 Pac. 1050: 64 Pac. 855); *State* v. *Kline,* 50 Or. 426 (93 Pac. 237). The complaint does not state that the defendant was not created by or under the laws of Oregon. It will be remembered that the judgment order states that the defendant, by its attorneys, "made a general appearance." This narration seems to negative the fact that any reliance was placed on the service of

process, but, rather, that dependence was put on such appearance as a means of securing jurisdiction of the person, from which it is reasonably to be inferred that the defendant is a foreign corporation; and it will be treated as such, basing the conclusion upon the recital and not upon the assertions contained in the affidavits, which sworn declarations will be disregarded.

2. The statute, regulating the power to subject parties to judgments and decrees, contains a clause as follows:

"No corporation ·is subject to the jurisdiction of a court of this State, unless it appear in the court, or have been created by or under the laws of this State, or have an agency established therein for the transaction of some portion of its business, or have property therein; and in the last case only to the extent of such property at the time the jurisdiction attached." Section 528, B. & C. Comp.

A corporation appears by attorney in all cases. Section 1050, B. & C. Comp. A voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him. Section 63, B. & C. Comp. A defendant appears in an action or suit when he answers, demurs, or gives the plaintiff written notice of his appearance. Section 542, B. & C. Comp. An attorney is a person authorized to appear for and represent a party, in the written proceedings in any action, suit, or proceeding, in any stage thereof. Section 1049, B. & C. Comp. An attorney has authority to bind his client in any of the proceedings in an action, suit, or proceeding, by his agreement, filed with the clerk or entered upon the journal of the court, and not otherwise. Section 1058, B. & C. Comp. These excerpts from the statute have been given to indicate the method of procedure in the foregoing cases and to show the authority of an attorney to bind his client.

It is not pretended that the attorneys who, by stipulation, secured an extension of time within which to plead or answer, were not empowered to represent the

defendant; but it is argued that, to constitute a general appearance which will operate as a waiver of process, it must be manifest that some relief was demanded, the granting of which conferred jurisdiction of the party, and that as no action was taken by the court, pursuant to the stipulation, an error was committed in denying the motion to set aside the pretended service of the summons and a copy of the complaint. In support of the legal principle thus asserted, defendant's counsel calls attention to the case of *Belknap* v. *Charlton*, 25 Or. 41 (34 Pac. 758), where it was held that, when a defendant appears in an action or proceeding asking some relief which can be granted only on the hypothesis that the court has jurisdiction, the appearance is general, whether it be by its terms so limited or not; but, if granting the relief asked would be consistent with a want of jurisdiction, the appearance may be special without submitting to the jurisdiction for any other purpose.

3. In the stipulation filed herein, no attempt was made to restrict the appearance which was made by the attorneys who then represented the defendant, nor was any relief demanded in the agreement except such as the plaintiff's counsel were authorized to grant. The court did not make any order in relation to the stipulation, nor was any ruling thereon necessary, unless the plaintiff's counsel had attempted to violate the terms of their agreement by insisting upon a default before the expiration of the time limited. A special appearance is made by a party when he or his attorney in a suit or action seeks to obtain from the court an order vacating some proceeding which, it is insisted, has been undertaken by the adverse party in an unauthorized manner. Such appearance is thus limited to prevent conferring jurisdiction of the person, and the application for the relief sought presupposes the making of an order by the court either granting or denying it.

4. A "general appearance," however, is the voluntary act of the party or of his attorney. It is unlimited in its operation and, in so far as conferring jurisdiction of the person is concerned, is effectual without an order of court. A court might not sanction a stipulation which granted such unreasonable concessions as would practically impede the orderly progress of a trial or thwart the administration of justice, but, as the conferring of the jurisdiction of the person is the unconstrained act of a party, the court could not prevent the consequences of a general appearance, unless it was superinduced by fraud or made by a party incompetent to act, or under such circumstances as show that it ought not to be binding.

5. The defendant's counsel, contending that the stipulation referred to was ineffectual to confer jurisdiction of his client, relies upon a rule announced by a text-writer, to-wit:

"A general retainer does not authorize an attorney to accept service of process by which the court acquires jurisdiction over the party; but after the court has acquired jurisdiction over defendant's person, the attorney may accept service of all necessary and proper papers during the progress of the cause." 4 Cyc. 935.

The legal principle thus asserted may be applicable where no statute regulates the matter, but in this State an attorney has authority to bind his client in any of the proceedings in an action or suit by his agreement filed with the clerk or entered upon the journal of the court. Section 1058, B. & C. Comp. This enactment is sufficiently comprehensive to empower an attorney, under his general retainer, to admit in writing the service of process whereby jurisdiction of the person of his client is conferred. The right of the attorneys who signed the stipulation for the defendant to represent it is not controverted. In such case the rule promulgated in *Conrey* v. *Brenham,* 1 La. Ann. 397, 398, is controlling, viz: "The dignity of the profession, and the necessity,

for the convenient administration of justice, that great confidence should be reposed by the courts in attorneys at law, warrant the presumption, in the absence of contrary proof, that an acceptance of service by an attorney of record is authorized by his client." In *State ex rel.* v. *Messmore*, 14 Wis. 125, the defendant, after the service of a summons upon him, obtained an extension of time in which to answer, pursuant to a stipulation to that effect, and it was held that he had appeared in the action, thereby waiving all objections to the form of process. So, too, in *Peters* v. *St. Louis Ry. Co.*, 59 Mo. 406, it was ruled that, where a party consents to a continuance of the cause, he thereby waives any insufficiency of the summons and subjects himself to the jurisdiction of the court. As illustrating this rule, see, also, *Briggs* v. *Stroud* (C. C.) 58 Fed. 717; *Keeler* v. *Keeler*, 24 Wis. 522; *Baisley* v. *Baisley*, 113 Mo. 544 (21 S. W. 29: 35 Am. St. Rep. 726).

The defendant's attorneys, who were originally retained, having been granted an extension of time in which to plead or answer, and such stipulation having been filed in this action, thereby appeared generally and subjected their client to the jurisdiction of the court; and, this being so, the judgment is affirmed.

Affirmed.

---

Decided June 1, 1909.

## On Petition for Rehearing.

[102 Pac. 1.]

Opinion by Mr. Chief Justice Moore.

6. In a petition for a rehearing it is contended that the complaint herein does not state facts sufficient to constitute a cause of action, in that it does not aver that the defendant corporation was engaged in business in Oregon, or allege that at the time the action was com-

menced it had property therein, and that, such being the case, the appearance by counsel did not confer upon the court jurisdiction of the person of the defendant. In *St. Clair* v. *Cox,* 106 U. S. 350, 359 (1 Sup. Ct. 354, 362: 27 L. Ed. 222), Mr. Justice FIELD, in speaking of the right of a court to hear and determine a cause against a foreign corporation which had not appeared in the action, said: "It is essential, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record—either in the application for the writ, or accompanying its service, or in the pleadings or the finding of the court —that the corporation was engaged in business in the State." It will thus be seen that, as the necessary statement that the foreign corporation was engaged in business in the State might appear anywhere in the record, an averment of that fact in the complaint was not indispensable to securing jurisdiction of the person of the defendant.

7. In the absence of a voluntary appearance, no foreign corporation is subject to the jurisdiction of the courts of this State, unless it is engaged therein in transacting some part of its corporate business at the time the action was commenced, which fact should appear somewhere in the record, in order to support a judgment rendered against such corporation for failure to appear or answer after the service of process upon one of its agents in Oregon. *Aldrich* v. *Anchor Coal Co.,* 24 Or. 32 (32 Pac. 756: 41 Am. St. Rep. 831) ; *Farrell* v. *Oregon Gold Co.,* 31 Or. 463 (49 Pac. 876). "A corporation," says Mr. Justice CURTIS, in *Lafayette Ins. Co.* v. *French,* 18 How. 404, 407 (15 L. Ed. 451), "may sue in a foreign state by its attorney there, and, if it fails in the suit, be subject to a judgment for costs. And so if a corporation, though in Indiana, should appoint an attorney to appear in an action brought in Ohio, and the attorney should appear, the court would have jurisdiction to render a

judgment in all respects as obligatory as if the defendant were within the state."

8. In the case at bar the jurisdiction of the person of the defendant corporation is not based upon the service of the summons, thereby necessitating a statement of fact to the effect that the Western Basket & Barrel Company was engaged in business in the State, but such jurisdiction rests upon the voluntary appearance of the defendant by its duly appointed attorneys, which is equivalent to personal service of the summons. Section 63, B. & C. Comp. In *St. Clair* v. *Cox,* 106 U. S. 350, 353 (1 Sup. Ct. 354, 357: 27 L. Ed. 222), in discussing methods prescribed for securing jurisdiction of the person of a defendant, it is said: "The courts of the United States only regard judgments of the state courts establishing personal demands as having validity or as importing verity where they have been rendered upon personal citation of the party, or, what is the same thing, of those empowered to receive process for him, or upon his voluntary appearance."

The defendant herein appeared in the latter manner, and, having submitted itself to the jurisdiction of the court, it is bound by the judgment rendered; and, this being so, the petition for a rehearing is denied.

AFFIRMED: REHEARING DENIED.