Argued January 31, decided February 6, rehearing denied March 5, 1912.

## SIT YOU GUNE *v.* HURD.

[120 Pac. 737, 1135.]

APPEAL AND ERROR—BILL OF EXCEPTIONS—NECESSITY—IMPEACHING SHERIFF'S RETURN.

1. Error in denying a motion to quash service of summons on the ground that the copy of the complaint served was not certified by plaintiff's attorney, as shown by the sheriff's return, cannot be reviewed without bill of exceptions, and merely upon proof by affidavit that the return is false.

APPEARANCE—EFFECT—DEFECTIVE PROCESS.

2. Defendant, by appearing and asking relief which can only be granted on the theory that the court has jurisdiction of the action

and of his person, submits himself to its jurisdiction as completely as if he had been regularly served with process, whether such appearance be in terms limited to a special appearance or not.

APPEARANCE—"GENERAL APPEARANCE"—"SPECIAL APPEARANCE."
3. In determining whether an appearance is special or general, the question of whether it is to deny the court's jurisdiction of the person controls, irrespective of any stipulation or statement that it was special, and irrespective of defendant's intention to make it so.

From Clatsop: JAMES U. CAMPBELL, Judge.

This is an action in assumpsit by Sit You Gune, Sit Joe Yiun, Foe Fun, Sit Que, Ho Lee, Sied Hop, Seid Wing, Seid Kee, Toy Sam, Heing and Sit Sang, partners, doing business under the name of Wing Sang Co., against O. W. Hurd doing business under the name of O. W. Hurd Packing Co. There was a judgment in favor of plaintiff and defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. A. W. Norblad.*

For respondent there was a brief over the names of *Messrs. Charles W. & George C. Fulton,* with an oral argument by *Mr. George C. Fulton.*

Opinion by MR. CHIEF JUSTICE EAKIN.

The summons was served on August 4, 1910. The return of service was indorsed thereon in the following language:

"State of Oregon, County of Clatsop—ss.

I hereby certify that on the 4th of August, 1910, at Astoria, Clatsop county, State of Oregon, I served the within summons on the within-named defendant, O. W. Hurd, by delivering a true and correct copy thereof, prepared and certified to by me as sheriff of said county, Oregon, together with a copy of the complaint, certified to by G. C. Fulton, one of the attorneys for plaintiff, to O. W. Hurd personally and in person.

M. R. Pomeroy, Sheriff.
J. J. Leonard, Deputy."

On August 11, 1910, a stipulation was filed in the action as follows:

"It is hereby stipulated and agreed, by and between the attorneys for the respective parties, C. W. & G. C. Fulton for plaintiffs, and A. W. Norblad for defendant, that said defendant shall have ten days from the date hereof within which to plead answer or demur or make such motion as he shall see fit in the said cause; it being understood that this stipulation is not considered in any wise a general appearance of said defendant.

[Signed by the attorneys.]"

On August 20, 1910, defendant filed a motion to quash the service of summons. The motion was denied on September 13, 1910, and defendant refused to plead further. Judgment was render against the defendant as prayed for in the complaint, and defendant appeals.

Two questions are raised on this appeal: (1) Can the motion to quash the service of summons be heard on affidavit in this court, in the absence of a bill of exception? (2) Does the stipulation filed constitute a voluntary appearance?

Defendant, on August 20, 1910, filed in the case a notice that on August 31st he would move to quash the service of summons, which notice was accompanied by a motion, stating that he appeared specially for the purpose of the motion, and for no other purpose, based upon an affidavit of O. W. Hurd, together with the copy of summons and complaint as exhibits, namely:

"Moves the court to quash, annul, and set aside the service of summons and service of copy of complaint in said action or pretended service of summons and copy of complaint herein, for the reason that the said copy of complaint was not prepared and certified to by the plaintiffs, their agent or attorney, or by the county clerk, in compliance with Section 55 of Bellinger & Cotton's Annotated Codes and Statutes of Oregon."

There is no bill ' of exceptions accompanying the record, and defendant by the motion seeks to impeach the sheriff's return of service by proof that it is not true. This proof can only be brought to this court by a bill of exceptions. In *Farrell* v. *Oregon Gold Co.,* 31 Or. 463 (49 Pac. 876) it is stated that papers filed in a law action, other than those designated by Section 272, subd. 2, Hill's Ann. L., as constituting the judgment roll, such as affidavits filed in support of a motion, cannot be considered by the appellate court, unless they are properly incorporated in a bill of exceptions. This identical point was also decided adversely to defendant's contention in *Multnomah Lumber Co.* v. *Weston Basket Co.,* 54 Or. 22 (99 Pac. 1046 : 102 Pac. 1). Also see cases cited in those cases. In this case, there being no bill of exceptions, we cannot consider the affidavit of defendant and the exhibits ; and therefore the sheriff's return is sufficient to support the judgment. This renders it unnecessary to consider the other question.

The judgment is affirmed.                AFFIRMED.

---

Decided March 5, 1912.

ON PETITION FOR REHEARING.

[120 Pac. 1135.]

Opinion by MR. CHIEF JUSTICE EAKIN.

In deciding this case we considered that if defendant's position were sustained as to the special appearance,, yet as the record showed a complete service of the summons and therefore jurisdiction of the defendant the other question was immaterial.

By this motion defendant urges that, as the sufficiency of the service of summons was not passed upon by the lower court, he is entitled to have determined the question whether his appearance was general.

2. It is the settled rule in this' State that where the defendant appears and asks some relief which can only be granted on the hypothesis that the court has jurisdiction of the case and the person, it is a submission to its jurisdiction as complete as if he had' been regularly served with process whether such an appearance is by its terms limited to a special one or not. This is well stated in *Belknap* v. *Charlton*, 25 Or. 41 (34 Pac. 758), and has been followed by the courts of this State since that decision was rendered. It is said in 2 Ency. Pl. & Pr. 625, as the result of the cases:

"That where the defendant appears and asks some relief which can only be granted on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process, whether such an appearance, by its terms, be limited to a special purpose or not."

This language, as well as the authorities cited under note 3, are taken literally from *Belknap* v. *Charlton*. In that note on page 625 it is said:

"The reason that under such circumstances a special appearance is converted into a general one is, that otherwise the defendant would be given this advantage; after objecting that he was not properly in court, he could go in, take his chance of a trial on the merits, and, if it resulted in his favor, insist upon the judgment as good for his benefit; but if it resulted against him he could set it all aside upon the ground that he had never been properly got into court at all. If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection," citing *Lowe* v. *Stringham*, 14 Wis. 242.

3. So that the intention of the defendant or the limitation stated in his appearance is not controlling, but whether the appearance is other than to question the jurisdiction of the person is the controlling element.

In *Multnomah Lumber Co.* v. *Weston Basket Co.*, 54

Or. 22 (99 Pac. 1046: 102 Pac. 1) there was a stipulation by counsel whereby defendant was allowed an extention of time in which to plead by answer. Thereafter he appeard specially and moved to set aside the service of summons. There was no order made in relation to the stipulation for time to answer, it being unnecessary, yet such stipulation was held to be a general appearance. The relief asked was such as presumes jurisdiction of the defendant, otherwise there was no need of the stipulation. This was also held in *State ex rel* v. *Messmore,* 14 Wis. 115, and in *Peters* v. *St. Louis Ry. Co.,* 59 Mo. 406, and therefore the attempt to limit the appearance by so stating in the stipulation did not have the effect to do so. This is also stated in *Belknap* v. *Charlton* 25 Or. 41 (34 Pac. 758) and in *Coad* v. *Coad,* 41 Wis. 23. See also *Blackburn* v. *Sweet,* 38 Wis. 578; *Malley* v. *Altman,* 14 Wis. 24; *Burdette* v. *Corgan,* 26 Kan. 102.

The motion is denied and the judgment affirmed.

AFFIRMED: REHEARING DENIED.