Argued February 2, affirmed February 17, rehearing denied April 21, 1914.

# COACH v. GAGE.*

### (138 Pac. 847.)

**Appeal and Error—Record—Questions Presented for Review—Evidence.**

1. The only way to bring before the Supreme Court any evidence offered and rejected in the court below is by incorporating it in a bill of exceptions, either by a copy included therein or by making it an exhibit thereto.

**Fraudulent Conveyances—Bulk Sales Law—Constitutionality.**

2. The bulk sales law (Sections 6069–6071, L. O. L.), requiring the purchaser of a stock of goods in bulk to demand and receive from the seller a list of the latter's creditors, to whom he shall give notice of the transfer, before it is completed, and imposing a penalty on the seller for making a false statement to the buyer, is constitutional.

   [As to constitutionality of statutes, prohibiting sales of merchandise in bulk, see note in Ann. Cas. 1912C, 706. As to what is due process of law, see note in 24 Am. Dec. 538; 20 Am. St. Rep. 554. As to equal protection of laws, see note in 25 Am. St. Rep. 873.]

**Fraudulent Conveyances—Bulk Sales Law—Construction.**

3. The bulk sales law (Sections 6069–6070, L. O. L.), is not to be construed as raising a conclusive presumption of fraud against the buyer of a stock of goods in bulk in case of the accidental omission of the name of a creditor of the seller from the list furnished him, since such a construction would render the statute void, as depriving the buyer of his property without due process of law.

   [As to construction of bulk merchandise sales laws, see note in Ann. Cas. 1913C, 1214.]

**Constitutional Law—Construction of Statute—Justice and Reasonableness.**

4. Where a statute is open to two constructions, one of which would render it unreasonable and unconstitutional, while the other would harmonize with reason, justice and constitutional prescriptions, the latter will be adopted.

From Coos: JOHN S. COKE, Judge.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action of replevin by J. W. Coach against W. W. Gage, as sheriff of Coos County, to recover

---

*As to the constitutionality of bulk sale legislation, see notes in 2 L. R. A. (N. S.) 331 and 20 L. R. A. (N. S.) 160.     REPORTER.

possession of a stock of goods seized by defendant, as sheriff, upon an execution against Tawse & Button, who had sold them in bulk to Tawse & Baxter, who in turn sold them in bulk to plaintiff. The defense interposed is substantially that Tawse & Baxter did not comply with Sections 6069, 6070, 6071, L. O. L., commonly known as the bulk sales law, in that they failed to demand and receive of their vendor the verified list of the creditors of Tawse & Button and failed to give notice to such creditors, as required by Sections 6070, 6071, L. O. L.

The answer alleges a like failure on the part of plaintiff, and it is claimed that the sale is void as to Wolf & Co., the attachment creditors of Tawse & Button, under which attachment the sheriff justifies in this action. The evidence for plaintiff having been submitted, the court below directed a verdict for defendant, and plaintiff appeals.        AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. F. J. Feeney* and *Mr. Austin S. Hammond.*

For respondent there was a brief and an oral argument by *Mr. John D. Goss.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. There is no bill of exceptions in this case, and, in view of the condition of the record, it will be necessary to state what matters are before the court on this appeal. There is only one method by which evidence can be brought to this court, and that is by a bill of exceptions properly certified as such. As we said in *Abercrombie* v. *Heckard,* 68 Or. 103 (136 Pac. 876), and now repeat:

"There is only one way to bring before this court any evidence offered and rejected in the court below, and that is by incorporating it in a bill of exceptions,

either by a copy included therein or by making it an exhibit thereto.''

In the case at bar the oral testimony offered is certified by the judge to be such; but the rulings of the court thereon are not so certified, and the alleged verified list of creditors is not in the record, so that we cannot by an inspection of it determine whether or not it complied substantially with the statutory requirements: See, also, *Nosler* v. *Coos Bay Nav. Co.*, 40 Or. 305 (63 Pac. 1050, 64 Pac. 855); *Bridal Veil Lumbering Co.* v. *Johnson*, 30 Or. 205 (46 Pac. 790, 60 Am. St. Rep. 818, 34 L. R. A. 368); *Farrell* v. *Oregon Gold Co.*, 31 Or. 463 (49 Pac. 876); *Miles* v. *Swanson*, 47 Or. 213 (82 Pac. 954); *Multnomah Lumber Co.* v. *Weston Basket Co.*, 54 Or. 22 (99 Pac. 1046, 102 Pac. 1); *Sit You Gune* v. *Hurd*, 61 Or. 182 (120 Pac. 737, 1135); *National Council etc.* v. *McGinn, post,* (138 Pac. 493).

2. This leaves for the consideration of this court only one question, namely, the unconstitutionality of the bulk sales law. The sections of the statute material to the consideration of this cause are as follows:

''Sec. 6069. It shall be the duty of every person who shall bargain for or purchase any stock of goods, wares, or merchandise in bulk, for cash or on credit, to demand and receive from the vendor thereof, and if the vendor be a corporation then from a managing officer or agent thereof, at least five days before the consummation of such bargain or purchase, and at least five days before paying or delivering to the vendor any part of the purchase price or consideration therefor, or any promissory note or other evidence of indebtedness therefor, a written statement under oath containing the names and addresses of all the creditors of said vendor, together with the amount of indebtedness due or owing, or to become due or owing, by said vendor to each of such creditors, and if there be no such creditors, a written statement under oath to that

effect; and it shall be the duty of such vendor to furnish such statement at least five days before any sale or transfer by him of any stock of goods, wares, or merchandise in bulk.

"Sec. 6070. After having received from the vendor the written statement under oath mentioned in Section 6069 the vendee shall, at least five days before the consummation of such bargain or purchase, and at least five days before paying or delivering to the vendor any part of the purchase price or consideration therefor, or any promissory note or other evidence of indebtedness for the same, in good faith notify or cause to be notified, personally or by wire or by registered letter, each of the creditors of the vendor named in said statement, of the proposed purchase by him of such stock of goods, wares, or merchandise; and whenever any person shall purchase any stock of goods, wares, or merchandise in bulk, or shall pay the purchase price or any part thereof, or execute or deliver to the vendor thereof or to his order, or to any person for his use, any promissory note or other evidence of indebtedness for said stock, or any part thereof, without having first demanded and received from his vendor the statement under oath as provided in Section 6069, and without having also notified or caused to be notified all of the creditors of the vendor named in such statement, as in this section prescribed, such purchase, sale, or transfer shall, as to any and all creditors of the vendor, be conclusively presumed fraudulent and void.

"Sec. 6071. Any vendor of a stock of goods, wares, or merchandise in bulk, who shall knowingly or willfully make or deliver, or cause to be made or delivered, any false statement, or any statement of which any material portion is false, or shall fail to include the names of all of his creditors in any such statement as is required in Section 6069, shall be deemed guilty of perjury, and upon conviction thereof shall be punished accordingly."

Much difference of opinion formerly existed in different jurisdictions as to the constitutionality of stat-

utes of this character. In some jurisdictions it has been held that similar statutes are such an unreasonable exercise of the police power that they are obnoxious to the provisions of our federal and state Constitutions, which provide that no citizen or class of citizens shall be deprived of property "without due process of law," or be "denied the equal protection of the laws." Perhaps the opinion most ably stating this view is *Wright* v. *Hart,* 182 N. Y. 330 (75 N. E. 404, 3 Ann. Cas. 263, 2 L. R. A. (N. S.) 338), wherein all the arguments that can be advanced against the constitutionality of such statutes are set forth with great ability and force; but in our view the dissenting opinions of Justice VANN and Chief Justice CULLEN. are more fully in accord with sound principles of constitutional construction, as well as with public policy. The general trend of the latter decisions is toward sustaining the constitutionality of such statutes: *Cantrell* v. *Ring,* 125 Tenn. 472 (145 S. W. 166); *Jaques & Tinsley Co.* v. *Carstarphen Warehouse Co.,* 131 Ga. 1 (62 S. E. 82); *John P. Squire Co.* v. *Tellier,* 185 Mass. 18 (69 N. E. 312, 102 Am. St. Rep. 322); *Neas* v. *Borches,* 109 Tenn. 398 (71 S. W. 50, 97 Am. St. Rep. 851); *McDaniels* v. *Connelly Shoe Co.,* 30 Wash. 549 (71 Pac. 37, 94 Am. St. Rep. 889, 60 L. R. A. 947); *Walp* v. *Mooar,* 76 Conn. 515 (57 Atl. 277); *Musselman Grocer Co.* v. *Kidd, Dater & Price Co.,* 151 Mich. 478 (115 N. W. 409); *Hirth-Krause Co.* v. *Cohen,* 179 Ind. 1 (97 N. E. 1). Many other cases might be cited; but those already adduced seem to cover every phase of the question at bar. We hold the statute constitutional, and here this opinion might, perhaps, properly end; but, as some of the questions discussed in the brief undoubtedly arose on the trial, and must arise again in other trials, we deem it not improper to ad-

vert to them so far as they bear upon the constitutionality of the act in question.

3. It is well-established law that the legislature cannot arbitrarily declare fraudulent an act innocent in itself, and having no tendency to promote fraud, and by such a rule forfeit the right of a citizen to his property: *State* v. *Julow,* 129 Mo. 163 (31 S. W. 781, 50 Am. St. Rep. 443, 29 L. R. A. 257); *People* v. *Biesecker,* 169 N. Y. 53 (61 N. E. 990, 88 Am. St. Rep. 534, 57 L. R. A. 178); *Lochner* v. *New York,* 198 U. S. 45 (49 L. Ed. 937, 25 Sup. Ct. Rep. 539, 3 Ann. Cas. 1133); *Commonwealth* v. *Perry,* 155 Mass. 117 (28 N. E. 1126, 31 Am. St. Rep. 533, 14 L. R. A. 325); and many other cases.

4. If the act now in question, therefore, is to be construed necessarily to imply that, in a case where an intending purchaser has in good faith demanded of his prospective vendor the list of his creditors, required by Section 6069, L. O. L., and has received a verified list purporting to be complete, but from which the name of a creditor has been fraudulently or accidentally omitted, and shall on account of such omission, he not being in fault, be conclusively or otherwise presumed to be a fraudulent vendee, we should unhesitatingly declare the statute void, because it would deprive him of his property without due process of law; but such is not our construction of this statute. Section 6069 requires the purchaser to demand and receive ''a written statement under oath containing the names and addresses of all of the creditors of the vendor.'' Section 6070 requires the purchaser, after having received the written statement, to give notice in good faith, personally, by wire, or by registered letter, to each of the creditors of the vendor named in such statement of the intended purchase, and further provides that, if he purchases without having notified all of the creditors *named in such statement,* such pur-

chase shall as to any and all creditors be conclusively
presumed to be void. The succeeding section provides
that a vendor delivering a false statement, or one
which fails to include all his creditors, shall be guilty
of perjury. Now the purchase of a stock of goods in
bulk is in itself an innocent act; but, for the reason
that persons carrying on the business of dealing in
merchandise more frequently than otherwise purchase
a part of their stock on credit and often from dealers
residing at a distance, and because it has become a mat-
ter of common knowledge that transfers of stocks of
goods in bulk with intent to defraud creditors are a
frequent form of swindling, the legislatures of a
majority of the states, in the exercise of their police
powers, have enacted laws to safeguard such transfers,
and so far as possible to minimize fraudulent sales.
The act in question, in our judgment, imposes upon
the purchaser (1) the duty to demand a written state-
ment, under oath, of the vendor of the names and ad-
dresses of his creditors, and (2) upon the receipt of
such list to notify the persons named therein of the
proposed purchase. For an intentional breach of
either of these duties, it was entirely competent for
the legislature, by way of penalty for such breach,
and to secure the faithful performance of such duty,
to declare that their nonperformance should constitute
conclusive evidence of fraud, and render the sale void
as to creditors; but it is not in the power of the legis-
lature to make a breach of duty by the vendor evidence
of fraud in the vendee. To hold the law means that
an omission of the name of a creditor by the vendor
without the knowledge of the vendee renders the trans-
action void as to him would be to hold that it was the in-
tent of the legislature to ordain that a fraud committed
by the vendor upon the vendee by falsifying the list
of creditors should be conclusively presumed to be

the fraud of the person so defrauded and deceived. Such a construction would be so contrary to every principle of law and good morals that it is inconceivable that the legislature intended it, and would be such an arbitrary and unreasonable exercise of the police power as to amount to a taking of the vendee's property without due process of law. It is a rule of interpretation that, where a statute is open to two constructions, one of which will render it unreasonable and unconstitutional, while the other will harmonize with reason, justice and constitutional prescriptions, the latter construction will be adopted: Lewis' Sutherland, Statutory Construction (2 ed.), § 83. Our view is sustained by the fact that the act denounces a criminal penalty against a vendor who omits the name of a creditor from the list required to be furnished. Here, then, is a just and reasonable statute. If the vendee fails in the duty of demanding and receiving a list, or in giving notice to the creditors named therein, he loses the goods purchased; if the vendor furnishes a false list, he goes to prison, but the vendee, acting in good faith, and with reasonable diligence, is not to be mulcted because he has been deceived.

It is possible that the court below may have wrongly interpreted the statute; but, while a court should at all stages disregard mere technical defects, it cannot disregard the plain provisions of the statute which require the evidence and rulings of the court thereon to be brought here by a properly authenticated bill of exceptions.

The judgment is affirmed.        AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.