[Filed February 4, 1889.]

THE STATE OF OREGON, RESPONDENT, v. PATRICK McGINNIS, APPELLANT.

APPEAL — PRACTICE- IN SUPREME COURT. — Upon an appeal to this court, the judgment will be affirmed without looking into the record, if the appel-. lant's counsel fail to appear or file a brief.

CAPITAL CASE. — But where the penalty is death, this court will look into the record to ascertain if any prejudicial error intervened during the progress of the trial, whether there is an appearance or not.

No BILL OF EXCEPTIONS. — In a criminal case where the indictment is suffi-cient, and the judgment is in due form, and there is no bill of exceptions, and nothing in the record showing error, no question is presented for review upon the appeal.

AFFIDAVITS — No PART OF THE RECORD. — Affidavits used in the court below, upon a motion for a new trial, constitute no part of the record, and cannot be considered on the appeal.

APPEAL from Grant County.

No counsel appeared for Appellant..

*G. G. Bingham,* for the state.

STRAHAN, J.— Upon the trial in the court below, the defendant was convicted of murder in the first degree, and sentenced to the extreme penalty of the law, from which he has appealed to this court, but his attorney failed to file a brief in the cause or to appear upon the hearing. Under such circumstances, the rule of practice in this court is to affirm the judgment without looking into the transcript. (*Tucker* v. *Constable,* 16 Or. 239.) But inasmuch as this is a capital case, we have felt it to be our duty to examine the record to ascertain if there was any ground whatever for the appeal, or any error committed in the court below prejudicial to the defendant. Upon looking into the record, we find there is no bill of exceptions. The indictment is sufficient, and the judgment is in due form, and no error appears in the record. There is therefore no question presented that we could review or consider. There are some affidavits filed tending to show that during the trial the defendant was manacled, and some others tending to controvert the fact, except after his conviction, and then only because he was desperate and dangerous, and the officers considered it necessary for his safe-keeping. But the question of fact cannot be tried in this court on affidavit.

If during the trial in the court below anything was done or suffered by the court which the defendant deemed was prejudicial to him, it was his right to object to it, and if his objections were overruled, to preserve a record

of the action and ruling of the court by bill of exceptions, and then this court would be able to say whether the court erred in its rulings or not. Unless the matter complained of appears in the judgment roll itself, the action of the trial court in a criminal case can only be reviewed on bill of exceptions.

It follows that the judgment appealed from must be affirmed.