Statement of the case.

[Argued February 21; decided April 17, 1894.]

## VAN BIBBER *v.* FIELDS.

[S. C. 36 Pac. 526.]

1. PLEADING— REPLY — COUNTERCLAIM.— In an action for work and labor done, in which a counterclaim for different items is set up, a reply alleging that the amounts of the items are less than that set forth in the counterclaim, and have been fully paid, without asking any affirmative relief, is not inconsistent with the complaint.

2. REFEREE'S REPORT — TRANSCRIPT.—A referee's report and a motion to set aside a report are not part of the transcript, ( *Osborn* v. *Graves*, 11 Or. 526, approved and followed,) and any errors by the referee or in his report must be incorporated into the bill of exceptions before they can be reviewed on appeal.

APPEAL from Lane: GEO. H. BURNETT, Judge.

This is an action by J. H. Van Bibber against Hugh Fields to recover the sum of nine hundred and eighty dollars and fifty cents for work and labor alleged to have been performed by plaintiff for the defendant. The answer denies all the allegations of the complaint, except certain items for labor, aggregating two hundred and thirteen dollars and twenty-five cents, and sets up, as a counterclaim, divers and sundry items, among which are thirty dollars for wood, twenty dollars for the use of a wagon, fifty dollars for pasturage, grain, and feed for plaintiff's horse, twenty dollars for the use of a buggy, and one hundred and ninety-six dollars for the rent of a house. The reply, among other things, denies that defendant furnished plaintiff any wood, except as thereinafter stated, or that said wood was reasonably worth the sum of thirty dollars, or any other or greater sum than five dollars. It admits that defendant furnished plaintiff a wagon and team for hauling wood, but denies that the use thereof was reasonably worth the sum of twenty dol-

lars, or any other greater sum than seven dollars; and alleges that plaintiff has more than paid for said wood and use of the wagon by hauling, sawing, splitting, and putting wood in defendant's woodhouse. It also denies that defendant furnished any grain or feed for plaintiff's horse, and avers that the reasonable value of the pasturage was eight dollars, which was fully paid by the use of the horse by the defendant. It also denies that the reasonable value of the use of the buggy was any greater amount than twelve dollars, and alleges that the same was fully paid by work and labor done and performed by plaintiff for defendant. As a further and separate defense it avers, that about the first of October, eighteen hundred and eighty-nine, defendant gave plaintiff's wife the use of the house, for which he has charged plaintiff the sum of one hundred and ninety-six dollars, and of a garden spot and all the fruit she wanted so long as she desired to occupy and use the same, and in consideration thereof plaintiff's wife and children were to look after and care for the house and furniture therein, and care for and feed defendant's stock, which they did, and during such time plaintiff's wife washed and cared for defendant's clothing, and boarded him, all of which was done in consideration of the use of the house, garden, and fruit, and that such services by plaintiff and his family were more than sufficient to pay for the use of the same. A motion to strike out the affirmative allegations of the reply, and a demurrer directed to the same matter, having been overruled, the cause was referred to Judge Powell, to take and report an accounting, who reported that there was due plaintiff the sum of five hundred and sixteen dollars and thirty-one cents, which report being confirmed by the court, a judgment was rendered in accordance therewith, and hence this appeal.

AFFIRMED.

*Messrs. Geo. W. Wright, Reuben S. Strahan,* and *A. A. Tussing,* for Appellant.

*Mr. H. C. Watson* ( *Messrs. D. R. N. Blackburn* and *J. J. Whitney* on the brief), for Respondent.

Opinion by MR. JUSTICE BEAN.

The notice of appeal contains numerous assignments of error, but as the greater portion of them seem to be based upon some supposed ruling of the trial court which is not made a matter of record by the bill of exceptions or otherwise, they are unavailable on appeal, and will be passed over without further notice.

1.   The first question presented by the record is as to the correctness of the action of the trial court in over-ruling the defendant's motion to strike out the affirmative matter in the reply, and in not sustaining a demurrer thereto.   The defendant contends that such affirmative matter is inconsistent with, and enlarges, the cause of action stated in the complaint, and is in effect stating a new cause of action.   In this he is manifestly mistaken; the new matter in the reply is pleaded solely as a defense to the counterclaims set up by the defendant.   No affirmative relief is asked or demanded, nor upon the facts pleaded would plaintiff be entitled to such relief, because it is purely defensive in its character, and is so pleaded.   The affirmative matter is simply a statement that certain items pleaded as a counterclaim were fully paid and discharged before the commencement of the action, and that, by the arrangement under which the plaintiff and family occupied the house, no rent was to be charged or paid therefor.   The rule of law that a reply cannot change or enlarge the character of the action stated in the complaint, or be used to supply omissions of necessary averments therein, is well settled and not

disputed, but it has no application to this case. The plaintiff by his reply had a right to allege any new matter not inconsistent with the complaint, constituting a defense to any affirmative matter pleaded in the answer, and that is all he did in this case.

2. Several other assignments of error relate to the supposed action of the trial court in overruling defendant's motion to set aside the report of the referee, and in sustaining divers and sundry rulings made by him during the progress of the trial; but as such alleged errors do not appear by the bill of exceptions and the report of the referee, and the motion to set it aside, being no proper part of the transcript ( *Osborn* v. *Graves,* 11 Or. 525, 6 Pac. 227), we have no means of ascertaining whether the errors assigned in the notice of appeal are well founded or not. It was earnestly insisted at the argument that the case of *Osborn* v. *Graves* is founded upon a misconception of the statute, and ought to be overruled. If the question was *res integra* I am not prepared to say what view the court, as now constituted, might entertain; but as it is only a question of practice we do not feel authorized to disturb that decision, whatever doubts we may entertain as to its soundness. It is true the record in this case does contain what purports to be a bill of exceptions, but it goes only to alleged errors of the referee, and not to any ruling claimed to have been made by the trial court. Nor does it appear from the bill of exceptions that the alleged errors of the referee were presented to or passed upon by the trial court, or urged as an objection to the confirmation of the report. If the defendant was dissatisfied with the rulings of the court in confirming the report of the referee, or in overruling his objections thereto, or in sustaining some ruling or want of ruling of the referee, made during the progress of the hearing before him, he should have embodied the same in the bill

of exceptions, and, not having done so, we have no alternative but to affirm this judgment.

AFFIRMED.