BALFOUR *v.* DAY.

[52 Pac. 510.]

OBJECTION NOT MADE IN TRIAL COURT.— The objection that an answer does not state facts sufficient to constitute a defense or counterclaim will not be considered by the supreme court on appeal, in the absence of a demurrer below, if it is sufficient to support a verdict.

From Multnomah: E. D. SHATTUCK, Judge.

Action by Balfour, Guthrie & Company against J. G. and I. N. Day to recover for certain goods sold. The case was tried before Wm. T. Muir, Esq., as referee, and his report modified.   Plaintiffs appeal from a judgment for less than they claimed.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Francis D. Chamberlain.*

For respondents there was a brief over the names of *Stott, Boise & Stout,* with an oral argument by *Mr. Whitney L. Boise.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is an action brought by plaintiffs, as assignees of the Union Iron Company, upon account for work, labor and services performed, and goods, wares and merchandise sold and delivered by said Union Iron Company to defendants, at their instance, between September 1, 1894, and February 26, 1895, at the agreed price and reasonable value of $618. The defendants answered, taking issue upon the material allegations of the complaint, and for a further and separate defense, which is denominated a counterclaim and setoff, alleged that between the twelfth day of September, 1893, and the twenty-sixth day of February, 1895, the defendants contracted with the Union Iron Company for the purchase of certain goods, wares, merchandise and machinery to be manufactured in accordance with orders given by them to said Union Iron Company, and that the account sued upon is an alleged balance due under said contract. It is further alleged that the wares and machinery constituting some eight items of said account were not manufactured in accordance with the orders and directions of the defendants, and by reason thereof were worthless for their purposes. The aggregate of these items amounting to more than plaintiffs' demand, defendants prayed judgment for their costs and disbursements. Issue was joined by the reply, and trial had before a referee, who found that plaintiffs were entitled to recover only the sum of $187.65; but the court modified the findings in one particular, and gave judgment in favor of plaintiff for $212.25, from which they appeal.

Among the assignments of error is one that the answer does not state facts sufficient to continue a defense or counterclaim.   There was no demurrer to the answer, and at what stage of the proceeding this objection was first taken does not appear, but it is now urged in this court.   In the absence of a demurrer, the answer is undoubtedly sufficient to support a verdict, and this is as far as it is necessary for us to consider the question.   The matter pleaded was more in the nature of a defense to the action than a setoff or counterclaim:   22 Am. & Eng. Enc. Law, 212.   The allegations of the answer so connect the defendants' account with that sued on as to show it to be a part of the same transaction, and this answers the requirements of the statute.

Several questions were raised upon alleged exceptions taken to the findings of the referee and the court's rulings concerning them.   A bill of exceptions was settled and allowed, which purports to be a correct statement of the evidence in the cause; but neither the findings of the referee nor the exceptions taken thereto are referred to or made a part thereof, nor are the rulings of the court touching them stated therein.   Furthermore, the bill of exceptions does not state a single ruling of the court or an objection interposed or an exception saved.   Such a paper is insufficient for the purposes intended, and presents no questions of which we can take cognizance:   *Van Bibber* v. *Fields*, 25 Or. 527 (36 Pac. 526).   The judgment of the court below will therefore be affirmed.

AFFIRMED.