Argued December 16, decided December 23, 1913.

## FIELDS v. WESTERN UNION TELEGRAPH CO.*

(137 Pac. 200.)

**Appeal and Error—Review—Findings by Court.**

1. The trial court's findings of fact stand as the verdict of a jury, which, under Article VII, Section 3, of the Constitution, can be set aside only when the court can say affirmatively that there is no evidence to support it.

**Evidence—Weight and Sufficiency.**

2. Evidence to support the verdict or the court's findings of fact must cover all the material issues as to which the prevailing party had the burden of proof.

---

*On the general question of loss of profits as element of damages for breach of contract to transmit telegram, see notes in 53 L. R. A. 91 and 27 L. R. A. (N. S.) 639.                     REPORTER.

Telegraphs and Telephones—Failure to Deliver Message—Damages—
  Anticipated Profits.

  3.  The amount of commissions which a traveling salesman would  ·
have earned during 11 days he was kept from his territory through
defendant's failure to deliver a telegram, as shown by evidence of  ·
the amount of his sales in the corresponding time in preceding years,
his sales before and after the time in question, and his sales the year
previous on his trip into the territory he would have canvassed during
the 11 days, was not too remote to form the basis for the assessment
of damages.

  [As to loss of profits as element of damages recoverable for
delay in delivery of telegram, see note in Ann. Cas. 1914A, 1297.]

From Multnomah: HENRY E. MCGINN, Judge.

This is an action by George T. Fields against the
Western Union Telegraph Company to recover dam-
ages for negligently failing to deliver a telegram.

The cause was tried by the court and findings and
judgment rendered in favor of plaintiff for $110, from
which defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of
*Messrs. Dolph, Mallory, Simon & Gearin,* with an oral
argument by *Mr. Hall S. Lusk.*

For respondent there was a brief and an oral argu-
ment by *Mr. Lester W. Humphreys.*

Department 1.  MR. JUSTICE RAMSEY delivered the
opinion of the court.

This is an action by which the plaintiff seeks to re-
cover damages resulting to him from the negligent
acts of the defendant.  The plaintiff is a traveling
salesman of the Edward Thompson Company, of
Northport, Long Island, New York.  On the 27th day
of May, 1910, the plaintiff, being out of funds to de-
fray his traveling expenses, and being in Portland, and
desiring to go to Tillamook and the Columbia River
country next, on the business of selling books in which
he was engaged, wrote the following telegram and de-
livered it to the defendant, to transmit over its wires,

to said Edward Thompson Company at Northport, Long Island, New York:

"Edward Thompson Company, Northport, Long Island, N. Y.

"Wire me $100.00. Charge same to weekly advance. Will make Tillamook and Columbia river country next.

"[Signed] GEORGE T. FIELDS,<br>"Hotel Calumet, Portland, Oregon."

The plaintiff paid to the defendant, at the time he delivered said message to said company, the defendant's charges, in full, for transmitting said message by wire to the Edward Thompson Company, and the defendant received said message and agreed to transmit it. At the time that said message was delivered to the defendant the plaintiff was staying temporarily at said Hotel Calumet, Portland, Oregon. The plaintiff at the time he delivered said message to the defendant registered his name and address with the defendant. When said message was so delivered to the defendant, the receiving clerk of the defendant drew a pencil line around the words "Hotel Calumet, Portland, Oregon," without the knowledge or consent of the plaintiff, and, by reason of said pencil lines being so drawn around said words, said words were not sent by the defendant as a part of said message. The omitted words showed the Portland address of the plaintiff at which he expected to receive the answer to said message, but the defendant failed to transmit said words. The plaintiff failed to receive any answer to said message, and called frequently at the office of the defendant, and there inquired of the defendant whether any answer to his said message had been received by the defendant, and was informed by the defendant that no answer had been received. The Edward Thompson Company immediately answered said message,

granting the plaintiff's request for a remittance of $100; but the defendant failed to deliver said message to the plaintiff. The plaintiff called several times and asked the defendant for said message, but the defendant failed to deliver it to him, although the defendant had received said answer. The complaint charges the defendant with negligence in not delivering said message from said Edward Thompson Company to the plaintiff, granting his request for $100 for expense money, etc., and claims damages in the sum of $250. The court below tried the case, without a jury, and made findings and entered judgment in favor of the plaintiff for $110 as damages. The defendant appeals, and assigns several alleged errors, but, on the hearing, argued only the assignments that the court erred in its findings of fact and law. We will regard the points not argued as waived.

1. The first question for determination is as to the sufficiency of the evidence to support the findings of fact made by the trial court. The court's findings of fact stand as the verdict of a jury, and can be set aside only for the reasons for which the verdict of a jury can be set aside. Since the recent amendment of our Constitution, the verdict of a jury can be set aside only when the court can say affirmatively that there is no evidence to support it: See Article VII, Section 3, of the Constitution.

2. Of course, evidence to support a verdict, or the trial court's findings of fact, must cover all the material issues with reference to which the party, in whose favor the verdict or findings were rendered, had the burden of proof. We are unable to say that there is no evidence to support the court's findings of fact, and hence they will be sustained.

3. The main question for decision is whether the court's conclusion of law, that the plaintiff is entitled to a judgment for $110 and costs and disbursements, is

justified by the findings of fact.  The plaintiff delivered to the defendant a message to be transmitted to the Edward Thompson Company in New York asking that company to wire him $100 for traveling expenses, stating that he would make Tillamook and the Columbia river country next, etc.  The defendant failed to transmit a portion of said message, but the company received it, and immediately answered it, granting the request for the funds.  The answer was received by the defendant, but the latter negligently failed to deliver it to the plaintiff, and he was unable to continue his business as a traveling salesman for the period of 11 days.  The trial court found that, by the defendant's negligence, the plaintiff was prevented from pursuing his usual occupation for the period of 11 days; that the reasonable value of the plaintiff's time and his customary earnings were at least $10 per day; and that he was damaged in the sum of $110 by the defendant's negligence.

Counsel for the defendant contends that the plaintiff's claim for damages for the 11 days' loss of time is too remote and uncertain to be allowed, and that his demand for what he claims that he could have made in commissions during the 11 days' time that he lost, through the negligence of the defendant, is a claim to recover speculative profits, and cannot be sustained. This involves one of the vexed questions of the law, upon which the decisions of the courts are not in harmony.

There are many cases that hold that the loss of anticipated profits cannot, as a general rule, be recovered as damages; but the later decisions are more favorable than the older ones, to the recovery for the loss of expected gains.

In 8 Am. & Eng. Ency. Law (2 ed.), pages 616–618, it is said:

"A statement of frequent occurrence, therefore, is that prospective or anticipated profits are not recoverable, on account of their inherently uncertain and conjectural character. It has been said in this connection, that the earlier cases, both in England and America, generally concurred in the exclusion, in actions of tort as well as on contract, of profits which merely might have been realized had the injury not been done or the contract been performed; but that this early policy of the exclusion of profits has been considerably modified with reference to torts, and somewhat, though less so, in actions on contract. However this may be, there is certainly much conflict in the decisions in the applications of the principles, directly opposite results being observable in many cases of almost exact analogy as to facts. One thing at least, however, may be regarded as now settled; there is no ground for excluding recovery of profits simply because profits. It is believed that in the main the general rules controlling other elements of damage are applicable without exception to profits, with only, perhaps, a greater conflict among the cases than in other branches of the subject."

13 Cyc., pages 49 and 50, says:

"The earlier cases, both English and American, have generally concurred in excluding, as well in actions of tort as in actions on contracts, from the damages recoverable, profits which might have been realized if the injury had not been done or the contract had been performed. * * Under the later day decisions recovery of profits as damages is not excluded because they are claimed as profits *per se;* but they must be the natural and proximate cause of the acts complained of, and, when this can be ascertained, without uncertainty, the principle of compensation will be adopted."

The same volume, on pages 46 and 47, states the law thus as to loss of time:

"In estimating damages, the plaintiff is entitled to recover for the reasonable amount of time that may have been lost by him in consequence of the injury complained of.  This question, when connected with actions for personal injuries, is more specifically treated under the action on impairment of earning capacity; but in all actions when loss of time has resulted, as a direct consequence of the injury inflicted, upon proper evidence thereof, the plaintiff is entitled to recover therefor.  In all actions, however, in order to recover for loss of time, the plaintiff must show proof of business, its extent, and the particular part transacted by himself."

In *Cranmer* v. *Kohn,* 7 S. D. 247 (64 N. W. 125), the facts were that a traveling salesman of goods was to have a definite salary if his sales should amount to a stated amount, but, if they should fall below a stated amount, he was to receive 7 3/5 per cent as commissions on his sales, and it was shown that his commissions on sales would have been 7 3/5 per cent if he had been permitted to go on selling under his contract. His employer discharged him, and he sued for damages.  In passing on this case, the court said, *inter alia:*

"The plaintiff was entitled, therefore, to the amount of his commissions, at the rate of 7 3/5 per cent upon the amount of goods that he could have sold during the remaining three months of the year. * * But the respondent contends that there is practically no method of determining the amount of his sales for the three months; that evidence upon that question would be merely speculative in its character, and tend to prove uncertain and prospective profits, and would consequently be inadmissible.  But this would not be any more speculative or calculated to prove prospective profits than was the evidence that plaintiff's services were of the value of $300 per month.  Would not the value of his services depend entirely upon the amount

of goods he could have sold during those three months if he had been allowed to continue his sales for defendant? Most certainly it would. We see no great difficulty in proving facts that would enable a jury to determine approximately. the amount of goods the plaintiff would have sold during the three months, in this case. He had been a traveling salesman for the defendant the two preceding years, and his sales during the months of October, November, and December of those years could have been shown, and the conditions of the crops, the state of the markets, the number of his regular customers, and his average sales would furnish a jury facts from which they could approximately determine the amount of his sales during the three months in controversy."

In *Lund* v. *Tyler,* 115 Iowa, 236 (88 N. W. 333), the facts were that the defendant had assaulted and beaten the plaintiff, and the plaintiff sued the defendant for damages for the beating, and claimed that, by reason of the injury to him, he was unable to pursue his occupation for a time. His occupation was fishing for a living, which is not a very certain kind of business, and, passing on the case, the court says:

"Certainly plaintiff might recover loss of earnings during the time. The business was one involving, not speculative profits, but merely the personal efforts of the plaintiff, the profits in which could be considered as earnings, and therefore loss of time therein might be shown as resulting in loss of earnings. * * It seems to us that the question properly called for an answer as to what plaintiff's reasonable earnings (in fishing) during such time would have been."

In the case of *Schumaker* v. *Heinemann,* 99 Wis. 251 (74 N. W. 785), the facts were that the plaintiff was a traveling salesman for the defendant, and the plaintiff was to receive a stated per cent in commission on the sales made by him, as his compensation. He was discharged by the defendant without cause,

before the expiration of the period of his employment. He sued for damages for what he could have made during the unexpired term of his contract. The syllabus of the case is:

"When a contract of employment has been unjustly terminated, the employee is entitled to compensation for such damages as the employer might reasonably have anticipated would result to his employee by the discharge. If such damage consists of profits lost, and the evidence furnishes reasonable data upon which to compute them, such lost profits are a proper measure of damages, and are recoverable."

In *Blagan* v. *Thompson,* 23 Or. 254 (31 Pac. 652, 18 L. R. A. 315), the court says:

"The rule that damages which are uncertain or contingent cannot be recovered does not embrace an uncertainty as to the value of the benefit or gain to be derived from the performance of the contract, but an uncertainty or contingency as to whether such gain or benefit would be derived at all. It only applies to such damages as are not the certain result of the breach, and not to such as are the certain result but uncertain in amount."

The case of *Altman* v. *Western Union Tel. Co.* (Sup.), 84 N. Y. Supp. 54, is a case much like this case, but the court disposes of the point involved in that case in less than two lines as follows:

"Another independent ground for reversal is that the damages proved were altogether too remote and speculative."

The plaintiff in this case had been working for the Edward Thompson Company for four years, selling books on a commission, and the evidence showed what his commissions were during those four years, and also what they were for the seven days prior to May 27, 1910 (the date of sending the telegram), and what they were for the month of May, 1910, and what

they were on the Tillamook trip which he made in June, 1910. The above facts were sufficient, as a basis for finding approximately what his earnings would have been during the 11 days that he was prevented by the acts of the defendant from pursuing his occupation.

We find that the damages allowed by the trial court were sufficiently certain, and that they were recoverable.

The judgment of the court below is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.