Argued December 6, reversed December 21, 1915.

# HENDERSON *v.* TILLAMOOK HOTEL CO.

### (153 Pac. 481.)

**Appeal and Error—Receivers—Settlement of Accounts—Jurisdiction Pending Appeal.**

1. After parties appealing from an order appointing a receiver, had filed a *supersedeas* bond, staying all proceedings in the court below, that court, pending the appeal, was without power to hear and settle the receiver's report; though where leave had been granted on the former appeal to present the question of the compensation of the expert accountants, and such items had been paid by the receiver, the proper time for their investigation was upon the hearing and settlement of the receiver's report and final account.

[As to grounds proper for the appointment of a receiver, see note in 72 Am. St. Rep. 29.]

From Tillamook: WEBSTER HOLMES, Judge.

Department 1.   Statement by MR. JUSTICE BENSON.

This is an appeal from an order of the trial court allowing the final report of a receiver fixing his compensation, discharging him, and exonerating the sureties upon his undertaking from further liability.

The facts are as follows: On January 16, 1914, a suit was begun by John Leland Henderson to oust the defendant P. J. Worrall from the management of the hotel owned by the Tillamook Hotel Company.   On May 5, 1914, a receiver was appointed to take charge of and manage the hotel property.   An appeal from such decree was taken, and, pending the same, this court on July 30, 1914, made an order directing the receiver to deliver to defendant Worrall the possession and management of the hotel, together with all the property held by him in connection therewith, and to account to him fully therefor.   Thereafter, while the appeal was still pending, the lower court made an order directing the receiver to file the final report of his receivership, and later an order fixing December

3d as the time for hearing and considering the report and objections thereto.    On that day defendants filed written objections setting out various reasons why same should not be approved.    These objections challenge the jurisdiction of the trial court to hear and settle the account of the receiver while the appeal was pending, and paragraph 4 thereof is as follows:

"These defendants object to whatever may be filed by the receiver in a so-called final report, for the reason that this receiver has not served the same upon these defendants, and in the conduct of said receivership said receiver did not make any inventory of the property received belonging to the Tillamook Hotel Company, and said receiver has omitted to acknowledge receipt and charge himself with large amounts of personal property belonging to the Tillamook Hotel Company which he received as receiver, and in said report said receiver has not truly and accurately charged himself with the property of the Tillamook Hotel Company which he received.    In said conduct of said receivership said receiver did not keep account of the persons who stayed at said hotel and rented the rooms showing the number of days which they stayed and the amount of money which they owed for staying at the hotel of the Tillamook Hotel Company, and which they paid the receiver for staying at the Tillamook Hotel; nor did he keep accurate account and report of the money received from patrons of the dining-room of the Tillamook Hotel, nor of the patrons of the bar of the Tillamook Hotel; nor did he keep accurate account and report of the money received which belonged to the Tillamook Hotel Company from the renting of rooms, dining-room and bar, nor of the supplies used belonging to the Tillamook Hotel Company in the dining-room or in the bar; but said receiver converted to his own use large amounts of supplies for the dining-room, for the bar, and money belonging to the Tillamook Hotel Company, and has not reported the same in said report.    And

for these reasons these defendants object to said report, and to any settlement of said account."

On the same day the court overruled defendant's objections without a trial of the issues raised thereby and entered the decree from which this appeal is taken.

REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. Ralph R. Duniway* and *Mr. E. J. Claussen,* with an oral argument by *Mr. Duniway.*

For respondent there was a brief and an oral argument by *Mr. H. T. Botts.*

MR. JUSTICE BENSON delivered the opinion of the court.

We shall consider only the assignment of error based upon appellants' contention that the trial court was without jurisdiction to hear and dispose of the receiver's final report. The appellants had filed a *supersedeas* bond upon the appeal above mentioned which operated to stay all proceedings in the court below. The settlement of the final report of the receiver was inseparably connected with the issues involved in the hearing in this court, and could not safely be determined until the decree entered here should be sent down, and therefore, pending the appeal, the trial court was without power to hear and determine the matter: 23 Am. & Eng. Ency. (2 ed.) 1127; 2 R. C. L. 120. However, when a rehearing was denied upon the former appeal, leave was granted appellants to again present the question of the compensation of the expert accountants, upon the argument herein. Since it appears that these items have been paid by the receiver, we conclude that the proper time for the in-

vestigation thereof is upon the hearing and settlement of the receiver's report and final account.

The decree of the lower court will therefore be reversed and the cause remanded, with directions to hear and settle the accounts and demands of the receiver, and to take such further proceedings as may be necessary to finally dispose of the litigation.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE HARRIS concur.