Argued October 19, affirmed December 4, 1917.

## KAPISCHKA v. TILLAMOOK HOTEL CO.

### (168 Pac. 938.)

**Appeal and Error—Matters Reviewable—Bills of Exception.**

1. Where findings are made on matters not in the record, and there is no bill of exceptions, it cannot be determined on appeal whether or not the evidence supported such findings.

**Appeal and Error—Findings of Fact—Sufficiency of Evidence.**

2. Findings of fact in an action at law by the court without a jury have the force and effect of a verdict of a jury, and such a finding cannot be re-examined unless it affirmatively appears from the record that there is no competent evidence to support the same.

**Appeal and Error—Matters Reviewable—Absence of Bill of Exceptions.**

3. Where there is no bill of exceptions, the only question to be considered is whether the findings of fact support the judgment.

From Tillamook: HARRY H. BELT, Judge.

Department 1.     Statement by MR. JUSTICE BEAN.

This is an action first tried in a Justice's Court to recover $28.50 for services rendered the defendant at its request. The cause was tried in the Circuit Court without the intervention of a jury. Findings of fact were made and a judgment rendered thereon in favor of plaintiff, and defendant appeals.     AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Ralph R. Duniway* and *Mr. E. J. Claussen.*

For respondent there was a brief and an oral argument by *Mr. Webster Holmes.*

MR. JUSTICE BEAN delivered the opinion of the court.

Defendant assigns that the court erred in finding from the stipulation made by the parties as evidence that the services were rendered for the defendant. It

is contended by counsel for the company that the stipulation shows that during July, 1914, the services mentioned were performed for the acting receiver of the defendant corporation whose appointment it was resisting in the courts; and that the receiver was discharged August 2, 1914. A portion of the stipulation is recited in the findings of fact made by the trial court. It appears that it was agreed that the court should take notice of the record in the case of *Henderson* v. *Tillamook Hotel Co.,* 78 Or. 444 (153 Pac. 481), which was tried in the same Circuit Court in the first instance and with which the trial court was no doubt familiar. We do not find that the record in the *Henderson Case* was made a part of the record in the present case upon the appeal. Neither does it appear to have been on file in this case in the Circuit Court. There is no bill of exceptions in this case.

Section 172, L. O. L., provides:

"The statement of the exception, when settled and allowed, shall be signed by the judge and filed with the clerk, and thereafter it shall be deemed and taken to be a part of the record of the cause. No exception need be taken or allowed to any decision upon a matter of law, when the same is entered in the journal, or made wholly upon matters in writing and on file in the court."

In the first note to Section 169, L. O. L., it is stated:

"The object of the bill of exceptions under the code, as at common law, is to bring into the record matter that would not otherwise appear, in order to lay the foundation for proceedings in error and for the information of the appellate court: *State* v. *Drake,* 11 Or. 396 (4 Pac. 1204); *State* v. *McGinnis,* 17 Or. 333 (20 Pac. 632); *State* v. *Chee Gong,* 17 Or. 635 (21 Pac. 882); *State* v. *Cody,* 18 Or. 506 (23 Pac. 891, 24 Pac. 895); *Nelson* v. *United States,* 30 Fed. 112, 113."

In *Grice* v. *Oregon-Wash. R. & N. Co.,* 78 Or. 17, 24 (150 Pac. 862, 152 Pac. 509), there was a stipulation as to a portion of the facts but, nevertheless, it was brought into the record by an authenticated bill of exceptions.

1, 2. In the case at bar the court found facts in addition to those in the part of the stipulation recited in the findings. In order for this court to determine whether or not there was any evidence to support such findings it is necessary that the bill of exceptions present all the evidence upon the facts found, or that all the evidence be disclosed thereby. In the record of the *Henderson Case* there may have been various agreements and arrangements relative to the care and management of the hotel while those proceedings were being contested. There is no certificate of the trial judge as to the contents of such record, nor does it appear in any way that there was not a request by the defendant that the plaintiff who had been employed by defendant prior to the time for which the present demand is made, as we recall it was stated at the oral argument, should continue in that capacity. It is not apparent but that such an agreement between all the parties would have been proper. Where an action at law is tried by the court without a jury the findings of the court upon the facts have the force and effect of a verdict of a jury: Section 159, L. O. L.

Such a finding cannot be re-examined upon appeal unless it affirmatively appears from the record that there is no competent evidence to support the same: *Bank of Kenton* v. *Sun Dial Ranch,* 69 Or. 128 (138 Pac. 455); Article VII, Section 3, of the Constitution; *Thompson* v. *Sargent,* 66 Or. 384 (134 Pac. 7); *Fields* v. *Western Union Tel. Co.,* 68 Or. 209 (137 Pac. 200).

3. Where there is no bill of exceptions on appeal from a judgment in an action at law the only question to be considered is whether the findings of fact support the judgment: *Miller* v. *Head Camp,* 45 Or. 192 (77 Pac. 83).

No question is raised in the present case, and apparently none can be raised, but that the findings of fact support the judgment. It appears from the recital in the findings of fact that all the evidence is not contained therein. Finding no error in the record the judgment of the lower court is affirmed.     AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.