Argued January 11, reversed February 13, 1923.

## SHAUGHNESSY *v.* KIMBALL ET AL.

(212 Pac. 483.)

**Exceptions, Bill of—Object of, Stated.**

1.   The object of a bill of exceptions under Section 169 et seq., Or. L., is to bring into the record matter that would not otherwise appear, in order to lay the foundation for a review of the proceedings and for information of the appellate court.

**Appeal and Error—Affidavits not Part of Record Unless Incorporated in Bill of Exceptions.**

2.   Affidavits or other matters *dehors* the judgment-roll as defined by the statute are not part of the record, and cannot be considered on appeal from the judgment unless incorporated into bill of exceptions and thus made a part of the record.

**Appeal and Error—Affidavit of Prejudice not Contained in Record not Considered.**

3.   Under Section 45, Or. L., and Laws of 1919, page 223, authorizing a change in place of trial on motion of either party when it appears from affidavit that there is such prejudice against affiant that he cannot expect an impartial trial, and where error is predicated on overruling a motion for change of judge on account of prejudice, but the affidavit is not contained in the record, the assignment cannot be considered on appeal.

**Judgment—Default Judgment on Counterclaim Without Evidence to Overcome Denial Reversible Error.**

4.   Where on overruling of his motion for change of judge on account of prejudice plaintiff withdrew from the case, it was reversible error to render judgment for defendant on his counterclaim which was denied by plaintiff, without introducing evidence to overcome such denial.

From Klamath: D. V. KUYKENDALL, Judge.

In Banc.

The plaintiff appeals from a judgment in favor of defendants in the sum of $700.        REVERSED.

For appellant there was a brief and oral argument by *Mr. E. L. Elliott.*

For respondents there was a brief over the names of *Mr. W. H. A. Renner* and *Mr. John Beardsley,* with an oral argument by *Mr. Renner.*

BEAN, J.—The first assignment of error is that the court erred in overruling plaintiff's motion for a change of judge on account of the prejudice of the presiding judge.

Referring to the bill of exceptions, we find the defendants and John Beardsley, one of the attorneys, resided in the City of Los Angeles, California, a distance from Klamath Falls, Oregon, of approximately 700 miles. On March 29, 1921, defendants received notice from the clerk that the case was set for trial April 4, 1921. At 9:30 A. M. of that day plaintiff served on defendants' attorney a motion and affidavit of prejudice of the judge in the case. At 10 A. M. the parties and their attorneys and witnesses "were present in open court when the case was called, and were ready for trial."

The motion for a change of the judge was denied, and the court ruled that they would proceed with the trial of the case, to which ruling the plaintiff duly objected and excepted, whereupon plaintiff declined to proceed further with the trial. Defendants' counsel asked for judgment upon the cross-complaint. The request was granted and judgment entered in favor of defendants and against plaintiff, without the introduction of any testimony. A motion to vacate the judgment was filed by plaintiff, and was overruled.

Section 45, Or. L., which has been on the statute-books since 1864, authorizes the court or judge to change the place of trial, on motion of either party to the action, when it appears from the affidavit of such party, or, if he is not a resident of the county, the affidavit of anyone on his behalf, for the reason, among others:

Subd. 3. · ''That the judge or the inhabitants of the county are so prejudiced against the party making the motion that he cannot expect an impartial trial before said judge, or in said county, as the case may be.''

Subdivision 5 of that section reads: ''That the motion is not made for the purpose of delay.''

In 1919, Chapter 160, Laws of 1919, was enacted (Sections 45–1, 45–2, 45–3 and 45–4, Or. L.) which so far as necessary to notice here provides that:

''No judge of a Circuit Court of the State of Oregon shall sit to hear or try and suit, action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. * * ''

· Section 45–2 provides in part:

''Any party to or any attorney appearing in any action, suit or proceeding in a Circuit Court, may establish such prejudice by motion supported by affidavit that the judge before whom the action or suit is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge.''

Section 45–3 relates to time of making the motion in counties where there is a presiding judge who hears motions and demurrers and assigns cases to the other departments of the Circuit Court for trial. This section does not apply to Klamath County.

We look in vain in the bill of exceptions for the affidavit of prejudice. · It is in no way identified or made a part of the record by the trial court. Without an examination of the affidavit it is of course impossible to ascertain under which section of the Code the motion and affidavit were filed. It is impossible

to determine what the affidavit established, or whether it established anything. For aught that appears in the bill of exceptions the affidavit might have plainly shown that the judge was not prejudiced against any party to the action or his attorney, or the interest of any party or attorney appearing in the cause. It may have been a prejudice against some custom or conduct, not concerning the cause of action, or the parties or their attorney.

1. The object of the bill of exceptions, under the statute, Or. L., section 169 et seq., as at common law, is to bring into the record matter that would not otherwise appear, in order to lay the foundation for a review of the proceedings and for the information of the appellate court: *State* v. *Drake,* 11 Or. 396 (4 Pac. 1204); *State* v. *McGinnis,* 17 Or. 332 (20 Pac. 632); *State* v. *Ghee Gong,* 17 Or. 635 (21 Pac. 882); *State* v. *Cody,* 18 Or. 506, 535 (23 Pac. 891, 24 Pac. 895); *Nelson* v. *United States,* 30 Fed. 113; *Kapischka* v. *Tillamook Hotel Co.,* 86 Or. 498 (168 Pac. 938).

2. Some kind of an affidavit of prejudice was filed in the case. But this court has uniformly held that affidavits, or other matters *dehors* the judgment-roll as defined by the statute, are not part of the record, and cannot be considered on appeal from the judgment, unless incorporated into a bill of exceptions and thus made a part of the record: *Farrell* v. *Oregon Gold Co.,* 31 Or. 463, 472 (49 Pac. 876). In that case a large number of affidavits accompanied the transcript and appeared to have been filed in the court below for the purpose of showing that the court had no jurisdiction of the corporation defendant to render the judgment which was sought to be vacated. The affidavits were not brought up by a bill of exceptions or in any way identified or made a part of

the record by the trial court. Former Justice Bean, in the opinion in that case plainly pointed out that such affidavits were not a part of the judgment-roll, and held that as they were not incorporated in a bill of exceptions they could not be considered by this court. We quote from that opinion:

"Now, the statute defines a judgment-roll, and, so far as applicable to the case in hand, it consists of the summons and proof of service, the pleadings, bill of exceptions, orders relating to the change of parties, together with a copy of the entry of judgment, and all other journal entries and orders in any way involving the merits and necessarily affecting the judgment: Hill's Ann. Laws, § 272, subd. 2. (Now Or. L., sec. 208, subd. 2.) It is clear, therefore, that affidavits or other matters *dehors* the judgment-roll as thus defined are no part of the record, and cannot be considered on appeal from the judgment, unless made so by a bill of exceptions; and so this court has uniformly held."

It was held in *Osborne* v. *Graves,* 11 Or. 526 (6 Pac. 227), in effect, that no paper not a part of the transcript, although certified as such, could be considered on the appeal: See also *Mitchell* v. *Powers,* 16 Or. 487, 491 (19 Pac. 647); *Scott* v. *Cook,* 1 Or. 24; *Oregonian Ry. Co.* v. *Wright,* 10 Or. 162; *Van Bibber* v. *Fields,* 25 Or. 527 (36 Pac. 526).

In *Sit You Gune* v. *Hurd,* 61 Or. 182 (120 Pac. 737, 1135), Mr. Chief Justice Eakin, in referring to an affidavit in support of a motion to quash service of summons, at page 185 of the opinion said:

"There is no bill of exceptions accompanying the record, and defendant by the motion seeks to impeach the sheriff's return of service by proof that it is not true. This proof can only be brought to this court by a bill of exceptions."

In *Multnomah Lumber Co.* v. *Western Basket Co.,* 54 Or. 22 (99 Pac. 1046, 102 Pac. 1), the same point was decided. The syllabus reads: "Affidavits in support of a motion to set aside service of process, though included in the transcript, are no part of the record unless included in a bill of exceptions." (See *Nosler* v. *Coos Bay Nav. Co.,* 40 Or. 305 (63 Pac. 1050, 64 Pac. 855) ; *State* v. *Kline,* 50 Or. 426 (93 Pac. 237.)

3. The affidavit in question in the present case is not contained in the record, nor in any way identified by the trial judge. There is printed in the abstract of record what purports to be an affidavit, but is in no way authenticated except by the printer's ink. Under the condition of the record this court cannot consider the first assignment of error.

4. The second assignment of error is, that the court erred in rendering judgment against plaintiff and in favor of defendants on their counterclaim, as all of the allegations of the counterclaim were denied by plaintiff, and no evidence whatever was taken to overcome such denial.

It appears from the record that the plaintiff by his complaint seeks to recover $1,050 for labor. The answer of defendants, after denying the allegations of the complaint by way of "counterclaim and cross-complaint," claims by appropriate averments $400 for the reasonable value of hay, and $300 belonging to defendant Kimball and received by plaintiff. The plaintiff filed a reply putting in issue the allegations of the answer as to the counterclaim.

When the plaintiff declined to proceed with the trial of the cause, the court entered judgment in favor of defendants without any evidence being offered or introduced to substantiate the allegations of the an-

swer which were denied by the reply. In this there was error, on account of which the judgment must be reversed and the cause remanded for such further proceedings as may be deemed proper, not inconsistent herewith.          REVERSED AND REMANDED.