Argued October 8, 1930; affirmed March 3, 1931

WEST *v.* UNITED RAILWAYS CO. ET AL.

(296 P. 60)

*Charles A. Hart,* of Portland (Carey & Kerr, of Portland, on the brief), for appellants.

*Paul R. Harris,* of Portland (Davis & Harris, of Portland, on the brief), for respondent.

ROSSMAN, J. This is the personal injury action referred to in the mandamus proceeding entitled *State of Oregon ex rel. United Railways Co. et al. v. W. A. Ekwall,* this day decided by us. See *ante,* page 439. It was there held that the amended bill of exceptions, which contained no exception to the ruling of the circuit court denying defendants' motion for a directed verdict, was regular. Since the defendant claims no other exception, the record presents no assignment of error predicated upon an exception. There is no contention that any of the plaintiff's pleadings are defective. The rule generally employed in other states, which requires the saving of an exception to the denial of a motion for a directed verdict, before the aggrieved party can complain on appeal, (3 C. J., p. 917, § 817) is also observed in this state: *Bailey v. Security Ins. Co.,* 100 Or. 163 (196 P. 252). 1925 Session Laws, p. 70,

which as codified has become § 2-704, Oregon Code 1930, has not eliminated that requirement. The material part of section 2-704 is, "No exception need be taken or allowed to any decision upon a matter of law, when the same is entered in the journal or made wholly upon matters in writing and on file in the court. And no exceptions need be taken to any ruling upon an objection to the admission of evidence   *   *   *." Our holdings in *Shaughnessy v. Kimball,* 106 Or. 484 (212 P. 483), and *Bailey v. Security Ins. Co.,* supra, make it clear that the decision upon an oral motion for a directed verdict is not within any of the excepted classifications enumerated in the statute. While it may seem that scant reason only supports the requirement that the losing party must save an exception when his motion for a directed verdict has been denied, yet numerous decisions can be found in the reports which refused to dispense with the rule. Moreover, *Bailey v. Security Ins. Co.,* supra, was decided less than four years before the enactment of 1925 Session Laws, p. 70, which dispensed with the necessity of saving an exception only "to any ruling upon an objection to the admission of evidence." Two and a half years before this enactment Mr. Justice HARRIS in *State v. Laundy,* 103 Or. 443 (206 P. 290), had expounded at considerable length the purpose served by an exception. It is evident that if the legislature believed that an exception was unnecessary upon a ruling denying a motion for a directed verdict it would have included that subject-matter in the 1925 act.

We conclude that since the defendants failed to save an exception to the denial of their motion for a directed verdict the record presents nothing for our review. Affirmed.

BELT, RAND and KELLY, JJ., concur.