Argued February 24, affirmed April 7, petition for rehearing
denied May 2, petition for review denied
August 1, 1972

# NANCY RAE COOK, *Appellant, v.* STATE OF OREGON (No. 73512), *Respondent.*

495 P2d 768

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is an appeal from an order of the circuit court which affirmed an order of the State Board of Social Protection after trial *de novo*[1] in the circuit court.

On May 21, 1971, the State Board of Social Protection entered an order for plaintiff's sterilization based on findings:

".. \* \* \* \* \*

"(2) That in the judgment of a majority of the

---

[1] The procedure for appeal now provides for a rehearing before the Board of Social Protection and appeal to this court. ORS 436.110–436.125.

Board the condition of the examinee is such that procreation by the examinee would produce a child or children: * * * (b) who would become neglected or dependent children as a result of the parent's inability by reason of mental illness or mental retardation to provide adequate care.

"(3) That in the judgment of the majority of the Board there is no probability that the condition of the examinee investigated and examined will improve to such an extent as to avoid the indicated consequences as set forth in paragraph (2) hereof.
"* * * * * *."

■ Plaintiff contends that the trial court erred in denying her motion that the state elect between mental retardation and mental illness as the basis for sterilization and that the trial court erred in affirming the Board's order. The remaining assignment of error alleges that ORS 436.070(1)(b) is unconstitutional because it discriminates against indigents in violation of the equal protection provisions of the state and federal constitutions. ORS 436.070 provides:

"(1) The investigation, findings and orders of the board * * * shall be made with the purpose in view of avoiding the procreation of children:
"* * * * *

"(b) Who would become neglected or dependent children as a result of the parent's inability by reason of mental illness or mental retardation to provide adequate care.
"* * * * * *."

Plaintiff is a 17-year-old girl with a history of severe emotional disturbance. At age 13 she was declared a ward of the court and was taken out of her home under circumstances which indicate that she had been physically and sexually abused by her family for some period of time. During the last four years she has been placed in two foster homes, juvenile detention

home, F. W. Dammasch State Hospital and Hillcrest School of Oregon. The longest period in any one place was one and one-half years at Dammasch. Her behavior has vacillated between periods of stability that lasted up to three months and aggressive hostility expressed in verbal or physical threats towards others, self-inflicted injury, and running away. A petition was filed with the Board of Social Protection® after appellant engaged in a series of indiscriminate and impulsive sexual involvements while she was in the hospital.

A psychiatrist who specializes in child guidance has followed plaintiff's care since she became a ward of the court. His uncontradicted testimony was that she would never be able to provide the parental guidance and judgment which a child requires even though she might be able to master the skills necessary to take physical care of herself and a child. He based this conclusion on the girl's lack of emotional control, her consistent low scores in areas of judgment on psychological tests, and the likelihood that she would abuse a child. He said the prognosis is poor because the presence of brain damage makes her condition inherently unstable despite continuous medication. He testified further that both mental illness and mental retardation are contributing factors and are interrelated.

Because of their interrelated nature, plaintiff's condition could not be intelligently considered without

---

® ORS 436.025 provides:

"Any two persons or any person licensed to practice medicine and surgery by the State Board of Medical Examiners may file a petition with the State Board of Social Protection alleging that any other person within the state is within the jurisdiction of the board as provided in subsection (1) of ORS 436.070."

reference to both mental illness and mental retardation. The statute provides for, and the plaintiff was accorded, counsel at public expense, adequate notice and opportunity to be heard. The statute thus satisfies the due process clause. The trial court's denial of the motion to elect was proper.

■■ Plaintiff asserts that the trial court erred in affirming the Board action which ordered sterilization. We interpret this as asking that this court review *de novo* the Board's actions and findings. The law does not provide for *de novo* review in this case. ORS 436.130 (repealed, Oregon Laws 1971, c 734, § 21) (see n 1), which provides for appeal of sterilization orders, stipulates that

> "* * * Such cases shall be tried * * * in the same manner as other appeals in actions at law."

In law actions the court's findings of fact are treated as a jury's verdict, to be set aside "* * * only when the court can say affirmatively there is no evidence to support it * * *." *Fields v. Western Union Telegraph Co.*, 68 Or 209, 212, 137 P 200 (1913). Here, as recounted above, there was more than adequate medical testimony to support the Board's findings.

It is now necessary to determine whether the statute denies plaintiff equal protection of the laws.

■ In *Buck v. Bell*, 274 US 200, 47 S Ct 584, 71 L Ed 1000 (1927), the United States Supreme Court upheld a Virginia sterilization law. Sterilization was considered beneficial to the patient and to society because it allowed people to be discharged from state institutions, to return to the commuunity, and to become self-supporting.

The only other case involving sterilization laws

to come before the United States Supreme Court was *Skinner v. Oklahoma,* 316 US 535, 62 S Ct 1110, 86 L Ed 1655 (1942). The purpose of the Oklahoma law was to prevent criminal traits from being inherited by ordering the sterilization of those who had been thrice-convicted of various specified felonies. The law was held unconstitutional as a violation of equal protection because there was no rational basis for distinguishing those felonies which would result in sterilization (one of petitioner's convictions was for chicken stealing) from other felonies which were exempt (embezzlement, for example). The premise that state sterilization laws are constitutional when validly drawn was not disturbed.

The statute with which we are concerned does not discriminate on its face between rich and poor. Plaintiff contends that the statute actually applies only to the poor because a mentally ill or mentally retarded person with money would be able to hire others to care for his child and would never allow the child to become neglected or dependent.[9]

The words "neglected or dependent" are not defined in ORS ch 436. Plaintiff urges us to interpret both as dependent on state support and to adopt the reasoning in *Smith v. Wayne Probate Judge,* 231 Mich

---

[9] The statute denies the fundamental right of procreation to those who come within its terms. The usual deference given to the judgment of state legislatures does not apply to laws affecting fundamental human rights. *See, e.g.,* Kramer v. Union Free School District, 395 US 621, 627, 89 S Ct 1886, 23 L Ed 2d 583 (1969); Harper v. Virginia Bd. of Elections, 383 US 663, 670, 86 S Ct 1079, 16 L Ed 2d 169 (1966).

"* * * [S]trict scrutiny of the classification which a State makes in a sterilization law is essential, lest unwittingly, or otherwise, invidious discriminations are made against groups or types of individuals in violation of the constitutional guaranty of just and equal laws. * * *" Skinner v. Oklahoma, supra, 316 US at 541.

409, 204 NW 140, 40 ALR 515 (1925). The purpose of the statute in that case was to protect the state from public charges:

" '' * * * * *

" 'That he would not be able to support and care for his children, if any, and such children would probably become public charges by reason of his own mental defectiveness.' * * *" 231 Mich at 413.

The Oregon law specifies that the potential offspring would become dependent or neglected as a result of the parent's inability to provide adequate care and is not concerned with the parent's financial status.[④]

The state's concern for the welfare of its citizenry extends to future generations and when there is overwhelming evidence, as there is here, that a potential parent will be unable to provide a proper environment for a child because of his own mental illness or mental retardation, the state has sufficient interest to order sterilization.

Affirmed.

---

[④] Plaintiff has referred us to the minutes of the House Judiciary Committee, May 17, 1967, and the testimony of one of the principal witnesses who replied, when asked if the legislation was for the welfare of child or parent:

"* * * Many of these girls can be trained for ordinary housework or simple skills in a community, but if they had the added stress and strain of the responsibility of infants are then unable to function properly. Furthermore, the children become public charges. * * *"

The same witness stated that the children become neglected and "have all sorts of problems." Hearing, Senate Judiciary Committee, May 2, 1967.